Commonwealth *v.* Bruce, Appellant.

Argued June 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

508

*William Goldstein,* with him *Paul M. Goldstein,* for appellant.

*James Garrett,* Assistant District Attorney, with him *David Richman, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 23, 1974:

Appellant was indicted by a Philadelphia County Grand Jury for Forcible Entry and Burglary with the Intent to Commit Larceny. The charges arose from an incident involving appellant and his girlfriend, Juanita Green. They quarrelled over the telephone, and appellant later went to Miss Green's residence, entering by breaking the glass in the rear door. He was subsequently arrested by the police.

On August 2, 1962, appellant pled guilty to Forcible Entry, and was tried on the charge of Burglary with the Intent to Commit Larceny before a judge, sitting without a jury. The testimony of the parties indicates that appellant entered Miss Green's residence in the course of a domestic quarrel and that larceny was not involved.

However, the trial judge found appellant guilty of burglary, and, following the verdict and over appellant's objection, permitted the Commonwealth to amend the indictment to allege Burglary with the Intent to Commit Murder.

Appellant received a suspended sentence on the charge of Forcible Entry and was sentenced to a term of sixty-eight days to twenty-three months imprisonment for the charge of burglary with the Intent to Commit Murder. He has served the entire twenty-three months of the sentence.[1]

Appellant did not file post-trial motions following his conviction. On May 7, 1970, he filed a Post Conviction Hearing Petition, pursuant to Act of January 25, 1966, P. L. (1965) 1580, §1 *et seq.* (19 P.S. §1180-1 *et seq.*) requesting leave to file post-trial motions *nunc pro tunc.* Following a number of procedural steps, appellant was granted the right to file post-trial motions by the Pennsylvania Supreme Court. This appeal is from the dismissal by the lower court of appellant's post-trial motions on March 26, 1973.

We find that the lower court erred in allowing the amendment of the indictment. Substantive aspects of an indictment may not be amended once they have been found and presented by a Grand Jury. *Commonwealth v. Lawton,* 170 Pa. Superior Ct. 9, 84 A.2d 384 (1951) ; *Commonwealth v. Liebowitz,* 143 Pa. Superior Ct. 75, 17 A.2d 719 (1941). However, if the defect is one of form it can be amended. Act of March 31, 1860, P. L. 427, §13 (19 P.S. §433) (formal statements in the indictment as to time, place, value, and name of the ac-

---

[1] The completion of a sentence does not render a case moot against miscellaneous grounds of attack where it appears that as a result of the conviction or sentence the accused continues to suffer legal disadvantages, *e.g.*, application of harsher penalty as a result of prior felony conviction. *Commonwealth v. Sheehan,* 446 Pa. 35, 285 A.2d 465 (1971). See Annot., 9 A.L.R. 3d 462 (1966).

cused are open to amendment). In any event, a variance between the indictment and the proof adduced at the trial may be amended even after a verdict only if the variance "is not material or substantive and the [appellant] is not prejudiced thereby." *Commonwealth v. Syren,* 150 Pa. Superior Ct. 32, 41, 27 A.2d 504, 508 (1942).

In the instant appeal the variance between the original and the amended indictments was both substantive and prejudicial. Here, the original indictment charged burglary.[2] The indictment found by the Grand Jury, informed appellant that he entered the premises of Miss Green with the intent to commit a felony, and that the Commonwealth was prepared to prove that his intention at the time of the entry was to commit larceny therein. The indictment as amended informed appellant that his intention at the time he entered the premises was the intent to commit the murder of Miss Green. While both offenses are felonies and each satisfies one element of the crime of burglary, each felony has a different element and requires the proof of different facts. See Pennsylvania Rules of Criminal Procedure, Rule 220 (". . . court may allow an indictment to be amended . . . provided the indictment as amended does not charge an additional or different offense . . . ."). It must also be noted that defenses to the crime of larceny are different from the defenses available to the crime of intent to commit murder. In essence, appellant was sentenced on an offense construed in the courtroom and not upon a bill returned by the Grand Jury.

The judgment of sentence is reversed, the verdict of guilty of burglary vacated, and the appellant discharged.

---

[2] The original indictment provided: "That, on or about May 25, 1962, in Philadelphia County, HARRY L. BRUCE wilfully, maliciously, feloniously and burglariously entered the building at 222 North 59th Street of one Juanita Green with intent to commit a felony therein, to wit: larceny."