## Commonwealth v. Grubbs

*James Blackman,* District Attorney, for plaintiff.
*William R. Mervine,* for defendant.

WOLFE, *P.J.,* January 29, 1976 — Defendant was charged with terroristic threats, conspiracy to commit terroristic threats and aiding consummation of a crime. At the time of his nonjury trial, the Commonwealth nolle prossed the first two counts and proceeded to trial on count three of the indictment, providing:

"(Defendant) did intentionally aid Robert William Spencer, Stephen John Namesnik, Dennis Andrew Namesnik and Carter Vaughn McDonald to accomplish an unlawful object of crime in that he did accompany the aforementioned as guns and a firearm were discharged in the direction of Gary Edward and Elaine Marie Regelman, 56 Franklin Street, Albion, Pennsylvania, James Joseph and Carol Ann Ward, 7320 Market Road, Fairview, Pennsylvania and William Joseph and Shirley Ann Black, 106 Main Street, Lake City, Pennsylvania causing the victims to be terrorized by violence in violation of Section 5107."

Section 5107 of the Crimes Code of December 6, 1972, P.L. 1068 (No. 334), 18 C.P.S. §5107, provides:

"A person commits an offense if he intentionally aids another to accomplish an unlawful object of a crime, as by safeguarding the proceeds thereof or converting the proceeds into negotiable funds."

At the conclusion of the Commonwealth's case, it was permitted to amend the indictment to com-

ply with section 306 of the Crimes Code which creates liability for the conduct of another; complicity.

Section 5107 is titled Aiding Consummation of Crime and, in our opinion, is analogous to an accessory after the fact or to one receiving stolen goods and has no relevancy to one being an accomplice as provided in section 306.

Rule 220 of Pa. R. Crim. P. permits the court to amend an indictment where there is a defect in the form, the description of the offense, the description of any person or any property or the date charged provided the indictment as amended could not charge an additional or different offense. In our opinion, the permitted amendment was to correct the description of the offense and did not charge an additional or different offense in the sense that a separate and distinct charge was made. The substance of the indictment is clear, and we agree it follows the language of section 5107 in part but concludes that defendant accompanied the other individuals to accomplish an unlawful object of crime; to wit, the terrorizing of the victims. We also agree that the Commonwealth refers to section 5107 in the indictment rather than section 306; however, this is a matter of form and not of substance.

It has long been held that the Commonwealth may amend an indictment under certain circumstances. In Commonwealth v. Bruce, 230 Pa. Superior Ct. 507, 326 A. 2d 628 (1974), the court stated:

"Substantive aspects of an indictment may not be amended once they have been found and presented by a Grand Jury. Commonwealth v. Lawton, 170 Pa. Superior Ct. 9, 84 A. 2d 384 (1951);

Commonwealth v. J. Liebowitz, 143 Pa. Superior Ct. 75, 17 A. 2d 719 (1941). However, if the defect is one of form it can be amended. Act of March 31, 1860, P.L. 427, §13 (19 P.S. §433) (formal statements in the indictment as to time, place, value, and name of the accused are open to amendment). *In any event, a variance between the indictment and the proof adduced at the trial may be amended even after a verdict only if the variance 'is not material or substantive and the [appellant] is not prejudiced thereby.'* Commonwealth v. Syren, 150 Pa. Superior Ct. 32, 41, 27 A. 2d 504, 508 (1942)."

Likewise it has been consistently held that the test of whether an accused is prejudiced by an amendment, be it formal or substantive, is whether a defense under the amended indictment would be the same as the original: Commonwealth v. Myers, 10 Lebanon 327 (1966). In the instant case, counsel for defendant candidly acknowledged his defense tactic would have been no different irrespective of what section under which the count was filed. Notwithstanding, counsel argues defendant is prejudiced because a finding of guilt under the amended indictment increases the grading of the degree of culpability, thereby increasing the maximum penalty. We have found no cases setting this as a criteria to deny an amendment.

A fair reading of the language of the indictment charges the defendant as being an accomplice with others in committing a crime rather than aiding the consummation of a crime.

For these reasons, we enter the following

## ORDER

And now, January 29, 1976, defendant's motion for arrest of judgment or new trial is denied and defendant is ordered to appear before the court for sentence on Friday, February 6, 1976, at 9:30 a.m.