385 A.2d 1019

COMMONWEALTH of Pennsylvania, Appellant,

v.

Daniel OLAH and Joel Utterbach, Appellees (two cases).

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.

Decided April 28, 1978.

6. The camper was worth more than $200 but less than $2,000; therefore the theft was a first-degree misdemeanor.

Robert L. Eberhardt, Assistant District Attorney, and Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellant.

John J. Dean, John R. Cook, and John H. Corbett, Jr., Pittsburgh, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

The Commonwealth has appealed in two cases from the granting of demurrers to all counts following the close of the Commonwealth's case.

Appellees Utterbach and Olah were indicted for aggravated assault on Police Officers and for resisting arrest.

The Commonwealth concedes that the demurrer was proper on the indictment charging Utterbach with aggravated assault on Officer Lemanski. It also concedes it was proper on the charge against Olah for aggravated assault on Officer Kowach. The question presented therefore, is whether there is sufficient evidence to sustain the charges of; (1) aggravated assault against Utterbach for injuries to Officer Kowach; (2) aggravated assault against Olah for injuries to Lemanski; and (3) resisting arrest against both appellees.

The facts of the incident are as follows:

"On April 15, 1975, Detectives Raymond Kowach and Anthony Lemanski of the Pittsburgh Police were driving an unmarked police car on Penn Avenue, Downtown, at 3:30 a. m. They noticed a car in front of them pull over to the curb, with two men hurriedly leaving the car and running down an alley (TT20)[1]. The police noticed the windshield had been smashed (TT 21). Upon entering the alley, Kowach met appellee Olah. Kowach identified himself as a police officer by showing his badge and identification card. Kowach asked if Olah owned the car parked on Penn Avenue and Olah answered he did not (TT 22). Appellee Utterbach approached and asked, " 'Who in the hell are you?' " After Kowach showed Utterbach his badge, Utterbach told Kowach "to shove that badge up your ass" and then punched the officer in the right eye (TT 23, 43). Kowach and Utterbach started rolling on the ground when Officer Lemanski attempted to help his

---

1. Numerals in parentheses preceded by the letters "TT" refer to the pages of the Trial Transcript.

partner until Olah pushed Lemanski. Lemanski subdued Olah, placed him under arrest and went to help his partner (TT 45). Olah again jumped Lemanski, kicking him in the shins (TT 45). Lemanski subdued Olah and this time he handcuffed Olah (TT 45). By this time, Utterbach told Kowach that he had had enough. Kowach told Utterbach he was under arrest and let go of him (TT 24). When Kowach let go, Utterbach sucker-punched Kowach again in the face (TT 24, 25). Utterbach was then finally subdued.

Officer Kowach required short hospitalization for X-rays. He subsequently missed thirteen (13) days of work (TT 25). Officer Lemanski required no medical attention (TT 46).

The appellees were indicted by the grand jury on charges of (1) aggravated assault on a police officer while attempting an arrest for the offense of disorderly conduct[2] and (2) resisting arrest for disorderly conduct.[3] The trial court sustained demurrers to the Commonwealth's evidence on these charges. The lower court apparently grounded its decision on the fact that no disorderly conduct had been shown, and that the police officers had testified that they attempted to arrest appellees for assault and not for disorderly conduct. The trial judge held the difference between the indictment and the proof fatal to the Commonwealth's case.

Pa.R.Crim.P. 220 states, "The court may allow an indictment to be amended where there is a defect in form, the description of the offense or any property, or the date charged provided the indictment as amended does not charge an additional or different offense . . ." A variance between the indictment and the proof adduced at trial may be amended after a verdict only if the variance "is not material or substantive and [appellees] not prejudiced

2. Under The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 2702(a)(2), (3).

3. Under The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334 § 1; 18 Pa.C.S. § 5104.

thereby." *Commonwealth v. Syren,* 150 Pa.Super. 32, 41, 27 A.2d 504, 508 (1942). In *Commonwealth v. Bruce,* 230 Pa. Super. 507, 326 A.2d 628 (1974), this Court overturned a conviction for burglary after the trial judge allowed the indictment to be amended from burglary with the intent to commit larceny to burglary with intent to commit murder. We do not believe the present case rises to the level of prejudice in *Bruce.* We fail to see any prejudice at all. An assault on a police officer while he is making a lawful arrest most certainly would qualify as disorderly conduct. In order to disprove disorderly conduct, the appellees would at least have to disprove an assault on the police officers.

■ The remaining question is whether both appellees may be convicted for aggravated assault based on their actions after the police officers attempted to arrest them for the original assaults. The answer is "yes" regardless of the extent of the injuries inflicted. Under the Crimes Code, supra 18 Pa.C.S. Sect. § 2702(a)(3) a "person is guilty of aggravated assault if he: . . . attempts to cause or intentionally or knowingly causes bodily injury to a police officer making or attempting to make a lawful arrest."

The order of the lower court is reversed and a new trial is granted in both cases.

WATKINS, former President Judge, did not participate in the consideration or decision in this case.