J-A14003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LEWIS VINCENT SYKES | : | |
| | : | |
| Appellant | : | No. 3423 EDA 2017 |

Appeal from the Judgment of Sentence September 16, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0005667-2015

BEFORE: GANTMAN, P.J., SHOGAN, J., and PLATT*, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED JULY 13, 2018**

Appellant, Lewis Vincent Sykes, appeals *nunc pro tunc* from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following his bench trial convictions for criminal trespass-breaking into, criminal trespass-entering the structure, criminal mischief, and attempted burglary.[1] We affirm.[2]

---

[1] 18 Pa.C.S.A. §§ 3503(a)(1)(ii), 3503(a)(1)(i), 3304(a)(5), and 901, respectively.

[2] Our Supreme Court in ***Leach v. Commonwealth***, 636 Pa. 81, 141 A.3d 426 (2016), declared void in its entirety Act 192 of 2014, which included, *inter alia*, amendments to 18 Pa.C.S.A. § 3503(b.1)(1)(iv) and § 3503(b.1)(2), (criminal trespass to steal defined secondary metals), because it violated the single-subject rule of the Pennsylvania Constitution. ***Leach***, however, does not affect this case, because Appellant was not convicted of trespass to steal secondary metals. Rather, Appellant was convicted and sentenced under

---

\* Retired Senior Judge assigned to the Superior Court.

In its opinion, the trial court fully and correctly sets forth the relevant facts. Therefore, we have no reason to restate them. Procedurally, Appellant proceeded to a bench trial on June 6, 2016. On June 7, 2016, the court convicted Appellant of three counts of criminal trespass and one count each of attempted burglary and criminal mischief. The court sentenced Appellant on September 16, 2016, to an aggregate term of twenty-three (23) to fifty-six (56) years' incarceration.[3] Appellant filed no post-sentence motions and sought no direct review.

On March 3, 2017, Appellant timely filed his first *pro se* PCRA petition. The PCRA court appointed PCRA counsel on March 17, 2017. On May 23, 2017, Appellant filed an amended PCRA petition, asserting several claims of ineffective assistance of trial counsel and seeking reinstatement of his direct appeal rights *nunc pro tunc*.

The PCRA court conducted an evidentiary hearing on August 11, 2017. On September 26, 2017, the PCRA court granted relief in part and reinstated Appellant's direct appeal rights *nunc pro tunc*. Appellant timely filed his notice of appeal from the judgment of sentence *nunc pro tunc* on October 18, 2017.

---

subsections 3503(a)(1)(i) (surreptitious entry or remaining in building or occupied structure) and 3503(a)(1)(ii) (entry into occupied building or structure).

[3] Prior to the current convictions, Appellant had been convicted twice of rape. Appellant's attempted burglary conviction in the current case constituted a third strike offense.

The court ordered Appellant on October 19, 2017, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant complied on November 9, 2017.

Appellant raises the following issues for our review:

> WHETHER, WHERE THE EVIDENCE DID NOT SUPPORT AN INFERENCE OF INTENT TO COMMIT ANY CRIME WITHIN A DWELLING, APPELLANT'S CONVICTION ON ATTEMPTED BURGLARY IS AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE[?]
>
> WHETHER, WHERE THE EVIDENCE REVEALED THAT APPELLANT WAS NOT THE PERSON WITHIN THE DWELLING DURING THE INITIAL ENCOUNTER WITH VICTIM PURSUANT TO UNCONTESTED POLICE OFFICERS' TESTIMONY, APPELLANT'S CONVICTIONS FOR CRIMINAL TRESPASS ARE AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE[?]
>
> WHETHER, WHERE THE EVIDENCE REVEALED THAT APPELLANT WAS NOT THE PERSON WITHIN THE DWELLING DURING THE INITIAL ENCOUNTER WITH VICTIM PURSUANT TO UNCONTESTED POLICE OFFICERS' TESTIMONY, APPELLANT'S CONVICTION FOR ATTEMPTED BURGLARY IS AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE AS…APPELLANT COULD NOT HAVE THEN RETURNED TO THE RESIDENCE AS DETERMINED BY THE COURT[?]
>
> WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING APPELLANT GUILTY OF ATTEMPTED BURGLARY ON THE SECOND, SEPARATE INCIDENT WHEN THE COMMONWEALTH AMENDED THE BILLS OF INFORMATION TO ADD ATTEMPTED BURGLARY AS AN INCHOATE OFFENSE TO THE ORIGINAL BURGLARY CHARGE RELATED TO THE FIRST INCIDENT, AS THE COMMONWEALTH STATED AT TRIAL THAT THE COURT COULD FIND APPELLANT GUILTY OF THE ADDED ATTEMPTED BURGLARY CHARGE[S] EVEN WITHOUT THE AMENDMENT[?]

J-A14003-18

(Appellant's Brief at 4).[4]

The Pennsylvania Crimes Code defines criminal trespass as follows:

### § 3503.  Criminal trespass

### (a)  Buildings and occupied structures.—

(1)  A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

(i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof; or

(ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

*     *     *

18 Pa.C.S.A. § 3503(a)(1).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Garrett D. Page, we conclude Appellant's issues merit no relief.  The trial court opinion comprehensively discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, filed December 12, 2017, at 5-15) (finding: **(1)**

---

[4] To the extent Appellant challenges the credibility of Victim's trial testimony, Appellant failed to file any post-sentence motions.  Therefore, any challenge to the weight of the evidence, including Victim's credibility, is waived.  **See Commonwealth v. W.H.M**, 932 A.2d 155, 159-60 (Pa.Super. 2007) (explaining argument that fact-finder should have discredited witness' testimony goes to weight of evidence, not sufficiency of evidence); Pa.R.Crim.P. 607(A) (providing challenge to weight of evidence must be raised with trial judge or it will be waived).

Appellant's cutting window screen, his possession of items which can be used to conceal identity, possession of Vaseline, flight from Victim and police, and spurious excuse constitute sufficient evidence to establish Appellant intended to commit crime within Victim's home; to extent Appellant raises weight of evidence claim, Appellant waived that claim; Appellant did not request and PCRA court did not grant reinstatement of Appellant's post-sentence motion rights *nunc pro tunc*, and Appellant filed no post-sentence motions; **(2-3)** Victim credibly testified Appellant was individual who twice entered her house; based on record and court's credibility determinations, Appellant's claim cannot be basis for finding conviction against weight or sufficiency of evidence; **(4)** Appellant failed to object to Commonwealth's request to amend bills of information to include charge of attempted burglary; therefore, this claim is waived; factual scenario set forth in original information placed Appellant on notice Commonwealth sought to charge him with regard to two separate entries into Victim's home; Appellant failed to prove he suffered prejudice as result of amendment; amendment did not change facts underlying charges or add new facts, alter description of charges, or affect Appellant's defense strategy). The record supports the trial court's rationale. Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *7/13/2018*

12/18/17
28682- 052

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA   :     No. CP-46-CR-0005667-2015
:
:
v.                            :
:            3402 EDA 2017
LEWIS SYKES                     :            3423 EDA 2017

## OPINION

**Page, J.**                                                      *December 12, 2017*

Defendant appeals from this Court's Judgement of Sentence on September 16, 2016. For the reasons set forth below, Defendant's appeal is without merit. Therefore, any claim of error on the part of this Court should be dismissed and the ruling should be affirmed.

## FACTS AND PROCEDURAL HISTORY

The Defendant was arrested and charged with Burglary, Criminal Trespass, and related offenses. The Commonwealth alleged that the Defendant unlawfully entered the home of Sommer Brown twice. Immediately before trial, the Commonwealth moved to amend the Bills of Information to include attempted burglary. N.T. *Trial* 6/6/16 p. 3. As the attempted burglary charge was a lesser included offense, the Defense did not object to the amendment. *Id.*

On June 18, 2015, Sommer Brown was in her bedroom at 602 Apple Street where she lived with her mother. *Id.* at 11. A little before noon, the door to her bedroom opened slightly and someone peeked into the room. *Id.* No one else should have been in the home. *Id.* Ms. Brown noticed that the man was African American, but after she opened her door, the man ran down the stairs and she saw that he was bald wearing a black and white flannel or plaid shirt. *Id.* at 12. Ms. Brown did not know the person, and she did not give him permission to be in the

1

home. *Id.* Ms. Brown wrapped a towel around her waist and ran down the steps. *Id.* When she discovered the man was not in her house, she went back upstairs to put clothes on and unsuccessfully tried to locate the man who had been in her bedroom *Id.* Ms. Brown called the police, but they were also unable to locate the man. *Id.* Ms. Brown believed that the man would return, so she kept her TV low and listened for anything suspicious. *Id.* at 14.

Ms. Brown then heard a weird noise down in the living room, and when she went to investigate a man was cutting the screen. *Id.* at 15. The man's hand was inside the window, and the victim was certain this man was the same man who had appeared in her bedroom earlier. *Id.* at 47. Ms. Brown identified that man as the Defendant. *Id.* The glass window was off its hinges, a condition which it was not in prior to the Defendant attempting to enter the home through the window. *Id.* at 17. Ms. Brown then went outside and began to film the man who had attempted to enter her home. *Id.* at 18. In the video, the Defendant claimed to be a friend of Ms. Brown's mother. *Id.* at 19. He also claimed that he had a phone that was brown or blue inside the home. *Id.* No phone was ever found by Ms. Brown in the home. *Id.* at 20.

She called the police, and informed them of the Defendant's last location. *Id.* at 20. The police later brought Ms. Brown to look at a man they had found, and she identified him as the person who had attempted to break into her home through a window. *Id.* at 21. She was one hundred percent positive he was the right person. *Id.*

Officer Stoltzfus responded to a suspicious person report at 602 Apple Street on June 18, 2015 around 12:15 PM. *Id.* at 57-58. Officer Stoltzfus and another officer viewed surveillance video of the complex, and they saw someone who matched the physical description of the man with Ms. Brown walking right behind him. *Id.* at 58. When police reviewed the stills from the video later, they determined that the man, while matching the physical description, was not the

2

Defendant. *Id.* at 61. The video was from a brand new system that the manager didn't know how to operate, so no copy could be made. *Id.* at 82. At around 1:20 PM, police were dispatched to the same address again, and Officer Stoltzfus went to where the victim had last seen the man who attempted to enter her home. *Id.* at 59. Officer Stoltzfus believed he arrived around the time the victim stopped following him. *Id.* at 66. The officer saw the Defendant walking in an alley, and when police activated their lights and approached, the Defendant jumped a fence. *Id.* at 60. Officer Stoltzfus ran through a neighboring yard to catch the Defendant, but when he got there, other officers had the Defendant in custody. *Id.*

Officer Damiano also followed Ms. Brown's description and was able to encounter the Defendant after Officer Stoltzfus lost sight of him in the yard. He saw the Defendant quickly walking or slowly jogging to his front door, and then the Defendant was "frantically trying to get in his front door." *Id.* at 71-72. Officer Damiano testified that the Defendant was not the same man in the surveillance video. *Id.* at 72. Following a search of the Defendant, police found a jar of petroleum jelly, black work gloves, and one leg of black stockings. *Id.* at 72-75. The black stocking was a full length single leg of women's stockings. *Id.* at 75; 80.

The Defendant was convicted of Criminal Trespass-Breaking Into, 2 Counts of Criminal Trespass-Entering the Structure, Criminal Mischief, and Attempted Burglary-Overnight Accommodation- Person Present. The Commonwealth sought, and this Court imposed, the mandatory minimum sentence of 25-50 years' imprisonment for the Defendant's third crime of violence, Attempted Burglary-Overnight Accommodation, Person Present. This Court also imposed a 1-2 year consecutive term of imprisonment for each of the three Criminal Trespass charges, and a concurrent 90 days of imprisonment for Criminal Mischief.

3

No direct appeal was filed. The Defendant filed a PCRA petition, counsel was appointed, and an amended PCRA petition was filed on May 23, 2017. This Court held a hearing on August 11, 2017. Subsequently, this Court granted the PCRA petition in part, and reinstated Defendant's right to Direct Appeal. The Court did not reach the merits of the other claims.

On October 18, 2017 and October 20, 2017, the Defendant filed two timely Notices of Appeal. Counsel identified the appeal on October 18, 2017 as the *nunc pro tunc* direct appeal. Defense Counsel then filed the October 20, 2017 appeal, and in a letter to this Court, advised that the second appeal was to challenge the Court's "implicit denial" of Defendant's remaining PCRA claims.

## ISSUES

Defendant's Concise Statement, received in chambers on November 9, 2017 for the direct appeal, raises the following issues:

1. WHETHER, WHERE THE EVIDENCE DID NOT SUPPORT AN INFERENCE OF INTENT TO COMMIT ANY CRIME WITHIN A DWELLING, APPELLANT'S CONVICTION ON ATTEMPTED BURGLARY IS AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
2. WHETHER, WHERE THE EVIDENCE REVEALED THAT APPELLANT WAS NOT THE PERSON WITHIN THE DWELLING DURING THE INITIAL ENCOUNTER WITH THE VICTIM PURSUANT TO UNCONTESTED POLICE OFFICERS' TESTIMONY, APPELLANT'S CONVICTIONS FOR CRIMINAL TRESPASS ARE AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
3. WHETHER, WHERE THE EVIDENCE REVEALED THAT APPELLANT WAS NOT THE PERSON WITHIN THE DWELLING DURING THE INITIAL ENCOUNTER WITH VICTIM (sic) PURSUANT TO UNCONTESTED POLICE OFFICERS' TESTIMONY, APPELLANT'S CONVICTION FOR ATTEMPTED BURGLARY IS AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE AS THE APPELLANT COULD NOT HAVE THEN RETURNED TO THE RESIDENCE AS DETERMINED BY THE COURT.
4. WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING THE APPELLANT GUILTY OF ATTEMPTED BURGLARY ON THE SECOND, SEPARATE INCIDENT WHEN THE COMMONWEALTH AMENDED THE BILLS OF INFORMATION TO ADD ATTEMPTED BURGLARY AS AN INCHOATE OFFENSE TO THE ORIGINAL BURGLARY CHARGE RELATED TO THE FIRST INCIDENT, AS THE COMMONWEALTH STATED AT TRIAL THAT THE COURT

4

COULD FIND APPELLANT GUILTY OF THE ADDED ATTEMPTED BURGLARY CHARGED EVEN WITHOUT THE AMENDMENT.

No concise statement order was filed for the second appeal. However, Defendant's claims are clear. Defendant avers that this Court implicitly denied his remaining ineffective assistance of counsel claims when this Court granted the PCRA petition in part and reinstated Defendant's direct appeal rights.

## ANALYSIS

I.   WHETHER, WHERE THE EVIDENCE DID NOT SUPPORT AN INFERENCE OF INTENT TO COMMIT ANY CRIME WITHIN A DWELLING, APPELLANT'S CONVICTION ON ATTEMPTED BURGLARY IS AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

Defendant first challenges the weight and sufficiency of the evidence for the attempted burglary conviction. Whether sufficient evidence exists to support the verdict is a question of law; an appellate Court's standard of review is de novo and their scope of review is plenary. *Commonwealth v. Walls*, 144 A.3d 926, 931 (Pa. Super. 2016) (citation omitted). When reviewing challenges to the sufficiency of the evidence, appellate courts evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Duncan*, 932 A.2d 226, 231 (Pa.Super.2007) (*citation omitted*). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Id*. (*quoting Commonwealth v. Brewer*, 876 A.2d 1029, 1032 (Pa.Super.2005)).

However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. *Id.* In addition, the appellate court may not substitute its judgment for that of the factfinder, and where the record contains

5

support for the convictions, they may not be disturbed. *Id.* Lastly, the finder of fact is free to believe some, all, or none of the evidence presented. *Commonwealth v. Hartle*, 894 A.2d 800, 804 (Pa.Super.2006). *Commonwealth v. Smith*, 2016 PA Super 187, 146 A.3d 257, 261–62 (Pa. Super. Ct. 2016). Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. *Commonwealth v. Mucci*, 2016 PA Super 137, 143 A.3d 399, 409 (Pa. Super. Ct. 2016), *reargument denied* (Aug. 31, 2016).

Defendant challenges the sufficiency of the evidence supporting his attempted burglary conviction. "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a). "A person commits the offense of burglary if, with the intent to commit a crime therein, the person enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present." 18 Pa.C.S.A. § 3502 (a) (1) (ii). "Intent may be proved by direct evidence or inferred from circumstantial evidence." *Commonwealth v. Cannon*, 297 Pa.Super. 106, 443 A.2d 322, 324 (1982). Thus, the Commonwealth must prove that the defendant had both the intent to enter the building and the intent to commit a crime therein in order to sustain its burden of proof of attempted burglary. *Commonwealth v. Morgan*, 265 Pa.Super. 225, --, 401 A.2d 1182, 1186 (1979); *Commonwealth v. Madison*, 263 Pa.Super. 206, 397 A.2d 818 (1979). Often, intent cannot be proven directly but must be inferred from examination of the facts and circumstances of the case. *Commonwealth v. Morgan, supra*; *Commonwealth v. Madison, supra.*

In *Commonwealth v. Willetts*, the Court found that striking a garage door with a rock was a substantial step toward entering the garage. 277 Pa.Super. 538, 541–42, 419 A.2d 1280, 1281–

6

82 (1980). Regarding defendant's intent to commit a crime therein, the Court found that "[v]iewing the totality of the circumstances, including appellant's attempt to break the padlock on a garage, the late hour at which he made this attempt, and his flight upon arrival of the police, we conclude that the Commonwealth presented adequate evidence of attempted burglary." *Id.* *(internal cites omitted).*

Defendant only challenges whether there was sufficient evidence to find that the Defendant had the intent to commit a crime therein. In this case, the Defendant's intent to commit a crime within the dwelling is clear when viewed in the totality of the circumstances. The Defendant had already been inside the victim's home. He knew she was alone in the house. Upon his return to the dwelling, he does not knock on the door, or do anything to request permission to enter. Rather, the Defendant goes to a window of the home, where the blinds are shut, pulls the glass window aside, and cuts the screen. In his possession are work gloves, one leg of women's stockings, and a large jar of Vaseline. When confronted by the victim, the Defendant is attempting to flee. He then gives the victim a changing story about him being there to get his cell phone, which is brown or maybe blue. When police arrive, the Defendant flees from them, hopping a fence and then fumbling and rushing to enter his home before police stop him. The cutting of a window screen, the possession of items that can be used to conceal identity, possession of Vaseline, flight when confronted by the victim and police, and a changing story of why the Defendant was at the home is more than sufficient to establish that the Defendant had the intent to commit a crime within the dwelling. There is little reason to attempt to enter a home through a window, and then flee when caught, unless the person intends to commit a crime therein.

7

Defendant also challenges the weight of the evidence to support the requisite intent required for conviction of attempted burglary. Initially, the weight of the evidence claim has been waived. The Defendant did not request, and this Court did not grant, reinstatement of Defendant's post-sentence motion rights.[1] No post-sentence motion was filed. Defendant's failure to raise his weight of the evidence claim in a post-sentence motion renders that claim waived.[23] However, even if that claim were not waived, it would still fail.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. *Commonwealth v. Clay*, 619 Pa. 423, 64 A.3d 1049, 1054–55 (2013) (quotation marks, quotations, and citations omitted). In order for an appellant to prevail on a challenge to the weight of the evidence, "the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Sullivan*, 820 A.2d 795, 806 (2003) (quotation marks and quotations omitted); *Commonwealth v. Smith*, 2016 PA Super 187, 146 A.3d 257, 264–65 (Pa. Super. Ct. 2016); *Commonwealth v. Devine*, 2011 PA Super 163, 26 A.3d 1139, 1146 (Pa. Super. Ct. 2011). A trial

---

[1] *Commonwealth v. Liston*, 602 Pa. 10, 17–18, 977 A.2d 1089, 1093 (2009)(overturning an automatic right to have the right to file post-sentence motions reinstated when such relief is not requested).

[2] A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
(1) orally, on the record, at any time before sentencing;
(2) by written motion at any time before sentencing; or
(3) in a post-sentence motion.
Pa.R.Crim.P. 607.

[3] "The record reveals that Appellant has failed to raise before the trial court a challenge to the weight of the evidence in either an oral or written motion for a new trial pursuant to Pa.R.Crim.P. 607. Therefore, he has waived this claim. *Commonwealth v. Kinney*, 2017 PA Super 65, 157 A.3d 968, 972 (Pa. Super. Ct. 2017), *appeal denied*, 239 MAL 2017, 2017 WL 3382657 (Pa. Aug. 7, 2017) (*citing Commonwealth v. Lopez*, 57 A.3d 74, 80–81 (Pa. Super. 2012) (holding that, pursuant to Pa.R.Crim.P. 607, a challenge to the weight of the evidence must be raised with the trial judge or it will be waived)).

court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings. *Commonwealth v. Diggs,* 949 A.2d 873, 879-80 (Pa. 2008).

In this case, the evidence is uncontradicted. The evidence supporting the intent to commit a crime within the dwelling, while circumstantial, is not vague or tenuous. The Defendant's attempt to enter a dwelling through a window after cutting the screen is evidence of a nefarious purpose. Coupled with the flight, changing story, and possession of items that can be used to commit crime and conceal identity, there is no reasonable purpose the Defendant could have had to enter the house. The Defendant's intent was criminal, and this claim is without merit.

II. WHETHER, WHERE THE EVIDENCE REVEALED THAT APPELLANT WAS NOT THE PERSON WITHIN THE DWELLING DURING THE INITIAL ENCOUNTER WITH THE VICTIM PURSUANT TO UNCONTESTED POLICE OFFICERS' TESTIMONY, APPELLANT'S CONVICTIONS FOR CRIMINAL TRESPASS ARE AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

Defendant next claims that his conviction for Criminal Trespass is against the weight and sufficiency of the evidence because he is not the person in the initial encounter with the victim "pursuant to uncontested police officers' testimony." However, this claim misstates the facts. Nowhere in the transcript does any witness say that the Defendant was not the person who entered the victim's home the first time. To the contrary, the uncontested testimony of the victim was that the Defendant was the man in her home both times. The victim was "one hundred percent" sure of her identification and was believed by this Court. The testimony of police was that the Defendant was not the man in the surveillance video they obtained from *outside* the apartment complex. The fact that at some point in time the victim was outside her home behind a man that matched the initial description to police, but was not the Defendant, does not mean the Defendant was not the man inside her home. The victim said she tried to follow the man who

9

was in her bedroom, but was not able to locate him. Officer Stoltzfus described the video as showing the victim following closely behind the man in the surveillance video. Therefore, the video could not be showing the person who entered the victim's bedroom, as she was never able to get that close to the man she tried to follow. Because Defendant's claim is factually incorrect, based on the record and this Court's credibility determinations, it cannot be the basis for finding the conviction against the weight or sufficiency of the evidence.

III. WHETHER, WHERE THE EVIDENCE REVEALED THAT APPELLANT WAS NOT THE PERSON WITHIN THE DWELLING DURING THE INITIAL ENCOUNTER WITH VICTIM (sic) PURSUANT TO UNCONTESTED POLICE OFFICERS' TESTIMONY, APPELLANT'S CONVICTION FOR ATTEMPTED BURGLARY IS AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE AS THE APPELLANT COULD NOT HAVE THEN RETURNED TO THE RESIDENCE AS DETERMINED BY THE COURT.

For the same reasons this Court has already stated, this claim is factually incorrect based on the record, and cannot form the basis for finding the evidence insufficient or the verdict against the weight of the evidence.

IV. WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING THE APPELLANT GUILTY OF ATTEMPTED BURGLARY ON THE SECOND, SEPARATE INCIDENT WHEN THE COMMONWEALTH AMENDED THE BILLS OF INFORMATION TO ADD ATTEMPTED BURGLARY AS AN INCHOATE OFFENSE TO THE ORIGINAL BURGLARY CHARGE RELATED TO THE FIRST INCIDENT, AS THE COMMONWEALTH STATED AT TRIAL THAT THE COURT COULD FIND APPELLANT GUILTY OF THE ADDED ATTEMPTED BURGLARY CHARGED EVEN WITHOUT THE AMENDMENT.

Defendant's next claim is unclear. Assuming that the Defendant is challenging the amendment of the information, and not some other matter, this Court will address the claim of whether the Bills of Information were properly amended. Initially, issues not raised in the lower court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302. The

10

Commonwealth amended the Bills of Information to include an attempted burglary, and the Defense did not object to that amendment. *N.T. Trial 6/6/16* p. 3. As there was no objection to the amendment of the bills of information at the trial level, this claim is waived.

However, even if this claim were properly preserved, it is still meritless. While it is unclear precisely what the Defendant is challenging, this Court assumes Defendant is challenging the amendment of the bills on the belief that the bills of information originally charged burglary for the first entry to the home, and that the amendment added attempted burglary for the second attempted entry into the home. Again, this is belied by the record. Specifically, as stated during the argument of the Commonwealth, the attempted burglary could be found by this Court even without an amendment, as it is a lesser included offense. Clearly, based on the Commonwealth's representations, the burglary charge was for the second entry into the home, and the attempted burglary must therefore also be for the second attempted entry. [4] This is also supported by facts in the Complaint.

Moreover, even if the Defendant were correct that the first charge of Burglary was for the first entry, and the amended count was for the second entry, there is no prejudice which would render the amendment improper. Pennsylvania Rule of Criminal Procedure 564 permits the amendment of the information "when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense." Pa.R.Crim.P. 564. "[T]he purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice

---

[4] While the Defense argued that neither the first nor the second entry into the home were burglaries, that does not mean the first entry was charged as a burglary. Rather, the defense was arguing why neither entry was criminal, and that the second entry could not have been for a criminal purpose as the Defendant could have committed a crime during the first entry if that were his intent.

11

by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." *Commonwealth v. Sinclair*, 897 A.2d at 1221 (citation omitted).

When the Superior Court reviews "a grant to amend an information, [the Superior Court] will look to determine whether the defendant is fully apprised of the charges against him. Where the crimes specified in the original information involve the same basic elements and arose out of the same factual situation as the crimes specified in the amended information, the defendant is deemed to have been placed on notice regarding his alleged criminal conduct and no prejudice to defendant results." *Commonwealth v. Berry*, 355 Pa.Super. 243, 513 A.2d 410 (1986); *Commonwealth v. Stanley*, 265 Pa.Super. 194, 401 A.2d 1166 (1979). If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted. *Commonwealth v. Roser*, 2006 PA Super 365, ¶¶ 17-18, 914 A.2d 447, 453–54 (Pa. Super. Ct. 2006) (*citing Commonwealth v. Sinclair*, 897 A.2d at 1221 (quoting *Commonwealth v. Davalos*, 779 A.2d 1190, 1194). The underlying purposes of the rule are "to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." *Commonwealth v. Bricker*, 882 A.2d 1008, 1019 (Pa. Super. Ct. 2005).

Pennsylvania courts apply the rule "with an eye toward its underlying purposes and with a commitment to do justice rather than be bound by a literal or narrow reading of the procedural rules." *Commonwealth v. Roser*, 914 A.2d 447, 453 (Pa. Super. Ct. 2006). The Superior Court has stressed that "we look more to substantial justice than to technicalities" when reviewing the validity of an amended information. *Commonwealth v. Fuller*, 396 Pa.Super. 605, 616, 579 A.2d

12

879, 885 (1990). A defendant will be afforded relief when the trial court exercises its discretionary power to allow amendment of the information only if the defendant was prejudiced by the amendment. *Commonwealth v. Sinclair*, 2006 PA Super 83, ¶ 8, 897 A.2d 1218, 1221 (Pa. Super.Ct.2006). Factors for a court to consider in determining the existence of prejudice include:

> (1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.
> *Com. v. Witmayer*, 2016 PA Super 164, 144 A.3d 939, 947 (Pa. Super. Ct. 2016),

*reargument denied* (Sept. 29, 2016), *appeal denied sub nom. Commonwealth v. Witmayer*, 781 MAL 2016, 2017 WL 1160791 (Pa. Mar. 28, 2017)

Further, if there is no showing of prejudice, amendment of an information to add an additional charge is proper even on the day of trial. *Commonwealth v. Womack*, 307 Pa.Super. 396, 453 A.2d 642 (1982). *See, e.g., Commonwealth v. Page*, 965 A.2d 1212, 1223-24 (Pa. Super. Ct. 2009) (upholding amendment after close of evidence); *Commonwealth v. Roser*, 914 A.2d 447, 455 (Pa. Super. Ct. 2006) (immediately preceding closing arguments); *Commonwealth v. Fowler*, 393 A.2d 844, 846-47 (Pa. Super. Ct. 1978) (at close of the Commonwealth's case). Amendment can even occur after verdict, to conform the information to the proof given at trial, "if the variance 'is not material or substantive and the (appellant) is not prejudiced thereby.'" *Commonwealth v. Bruce*, 326 A.2d 628, 629 (1974) (citation omitted). Finally, the mere possibility the amendment of an information may result in a more severe penalty due to the addition of charges is not, of itself, prejudice. *Commonwealth v. Picchianti*, 410 Pa.Super. 563, 567–68, 600 A.2d 597, 599 (1991) *(citing Commonwealth v. Lawton*, 272 Pa.Super. 40, 414 A.2d 658 (1979); *Commonwealth v. Jones*, 319 Pa.Super. 570, 466 A.2d 691 (1983)).

13

In *Commonwealth v. Fuller*, an "eleventh-hour" request made on the day of trial to add aggravated assault charge to an attempted murder trial was upheld. *Commonwealth v. Fuller*, 579 A.2d 879, 885 (Pa. Super. Ct. 1990). The appellate court noted that although aggravated assault was not a lesser-included offense of attempted murder, the charges arose out of the same set of facts, involved the same basic elements, and the trial court had offered the defendant an opportunity to request a continuance. *Id.* In *Grekis*, the trial court permitted the Commonwealth to amend the information to include three counts of solicitation to commit involuntary deviate sexual intercourse because those charges were originally discussed in the complaint but later omitted in the initial information. *See Commonwealth v. Grekis*, 601 A.2d 1284 (Pa.Super.1992).

In this case, the Defendant was fully apprised of the charges against him. The original information included two counts of criminal trespass, one for each entry into the home. The original information also charged burglary. The factual situation laid out in the original information placed the Defendant on notice that he was being charged with two separate entries into the victim's home. The elements for the attempted burglary charge are the same basic elements for the burglary charge. There was clear notice to the Defendant, and the amendment of information was proper.

However, even if the Superior Court were to find that the amendment was improperly granted, the Defendant still has not proved prejudice. The underlying purposes of the rule are "to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." *Commonwealth v. Bricker*, 882 A.2d 1008, 1019 (Pa. Super. Ct. 2005). The Defendant was always aware that he was charged with two separate entries into the home. When considering the

14

6 factors to determine whether there was prejudice, it is clear no prejudice existed in this case. The amendment did not change the factual scenario underlying the charges nor did it add any new facts. The description of the charges did not change with the amendment. The defense strategy was also unaffected. The Defense was always aware that they were facing charges stemming from two separate entries into the home. The Defense that the Defendant was a friend of the victim's mother, that they were drinking buddies, and that he had left his phone behind is unaffected by the amendment. The defense of consent to be in the home was not affected by the amendment which alleged he was present intending to commit a crime therein. There was video of the Defendant admitting that he was trying to enter the home the second time, but claiming to be looking for his phone. The only defense could be that the Defendant had permission to be in the home, and did not have a criminal intent. That was unchanged by the amendment. Thus there was ample notice and the Defense was prepared for trial. Further evidence of a lack of prejudice is that the defense specifically did not object. The Defense had always been on notice, and therefore did not allege prejudice at the hearing. Because no preliminary hearing notes are available, the Court is unable to assess that factor, but 5 of the 6 factors weigh against a finding of prejudice.

Factually, this case would be similar to *Grekis*. In *Grekis*, the Commonwealth was permitted to amend to add three charges which were discussed in the complaint but omitted in the initial information. *See Commonwealth v. Grekis*, 601 A.2d 1284 (Pa.Super.1992). As two separate entries were always alleged in the complaint, there was no prejudice in this case. As such, even if Defendant is correct that the amendment was improper, it does not afford him relief.

15

## V. IMPLICIT DENIAL OF INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Defendant's second appeal challenges this Court's alleged "implicit denial" of the remaining PCRA claims. This appeal should be quashed. This Court did not "implicitly deny" Defendant's remaining ineffective assistance of counsel claims. Rather, this Court did not reach the merits of those claims. "When a PCRA court grants a request for reinstatement of direct appeal rights *nunc pro tunc*, it may address, but not "reach" the merits of any remaining claims. *Commonwealth v. Hoyman*, 385 Pa.Super. 439, 561 A.2d 756, 758 (1989). This delicate distinction has caused some confusion. *See Commonwealth v. Pate*, 421 Pa.Super. 122, 617 A.2d 754, 757–58 (1992) ("once the PCRA court finds that the petitioner's appellate rights have been abridged, it should grant leave to file a direct appeal and end its inquiry there.") The PCRA court may inquire, but its inquiry cannot result in an appealable disposition." *Commonwealth v. Miller*, 2005 PA Super 46, ¶ 3, 868 A.2d 578, 580 (Pa. Super. Ct. 2005). This Court could not have reached the merits of Defendant's remaining ineffective assistance of counsel claims. Once Defendant's direct appeal is decided, he is free to raise his ineffective assistance of counsel claims in a PCRA petition at that time. [5] Because this Court did not reach the merits of the remaining claims, there is no final order from which Defendant may appeal.

---

[5] Accordingly, we believe the best course of action is to reaffirm our decision in Grant and reiterate that, as a general rule, claims of ineffective assistance of counsel will not be entertained on direct appeal. Moreover, we take this opportunity to disapprove of any decisions of the Superior Court that are to the contrary. *Commonwealth v. Liston*, 602 Pa. 10, 18, 977 A.2d 1089, 1094 (2009)

16

## CONCLUSION

For all of the aforementioned reasons, this Court's decision and order should be AFFIRMED. Defendant's appeal on October 20, 2017 should be **QUASHED**.

Copies of the above Opinion
Mailed on *12-12-17*
By Interoffice Mail to:
Robert Falin, Esq., ADA
Anne Schools – Court Administration
By First Class Mail to:
John Walko, Esq.
Lewis Sykes, Defendant

Judicial Secretary

BY THE COURT:

GARRETT D. PAGE,          J.

17