J-S28043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                        :          PENNSYLVANIA
                        :
            v.                   :
                        :
                        :
RONALD THOMAS COMEGER,         :
                        :
         Appellant          :      No. 1542 MDA 2017

Appeal from the Judgment of Sentence August 7, 2017
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s): CP-36-CR-0003339-2016

BEFORE: OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED AUGUST 31, 2018**

Ronald Thomas Comeger ("Comeger") appeals from the judgment of sentence imposed after a jury convicted him of fifteen counts of recklessly endangering another person, and one count each of aggravated assault of a victim less than six (6) years of age, endangering the welfare of a child, and fleeing or attempting to elude a police officer.[1]  We affirm.

On June 11, 2016, Pennsylvania State Trooper Stefanie Schiavoni ("Trooper Schiavoni") was on routine traffic patrol, when Comeger passed her vehicle while traveling at a speed of 73 miles per hour in a 55 miles per hour zone.  N.T., 6/15-16/17, at 67.  Trooper Schiavoni activated her emergency lights and siren and pursued Comeger.  *Id.* at 70.  Comeger failed to stop his vehicle, instead, leading Trooper Schiavoni on a 21-mile pursuit.  *Id.* at 80.

---

[1] *See* 18 Pa.C.S.A. §§ 2705, 2702(a)(8), 4304(a); 75 Pa.C.S.A. § 3733(a).

During the chase, Comeger drove at speeds exceeding 120 miles per hour, weaved in and out of traffic, passed approximately 120 vehicles, drove on both the left and right berms of the roadway, avoided "stop sticks"[2] set up by Trooper Steven Blain ("Trooper Blain"), and ultimately collided with another vehicle, thereby disabling Comeger's vehicle. *Id.* at 83-84.

Following the collision, Trooper Schiavoni approached the vehicle, and found Comeger, as well as an adult female and a seven-week-old infant. *Id.* at 84-85. The infant had shards of glass on his face and was subsequently diagnosed with a contusion to the forehead and abrasions under his eye and on his nose. *Id.* at 150. Trooper Schiavoni pulled Comeger from the vehicle and placed him under arrest. *Id.* at 86-87. While he was being treated at the scene by medical personnel, Comeger told Trooper Ryan Gehman ("Trooper Gehman") that he had fled because he was on parole. *Id.* at 141-42. A subsequent search of Comeger's vehicle revealed cocaine, a marijuana "blunt," an open six-pack of beer, and drug paraphernalia. *Id.* at 137-38.

On May 9, 2017, the parties appeared before the trial court for a pretrial hearing to, *inter alia*, dispose of two motions *in limine* that are relevant to this appeal. First, Comeger motioned to prevent admission at trial evidence of the beer, drugs, and paraphernalia found in his vehicle. N.T., 5/9/17, at 13-14.

---

[2] Corporal Anthony L. Holloway, of the Pennsylvania State Police, testified that "stop sticks" are utilized to deflate the tires of a fleeing vehicle in order to stop the vehicle and take the suspect into custody. *See* N.T., 6/15-16/17, at 135.

Second, Comeger motioned to prevent admission of the statement he made to Trooper Gehman, at the time of his arrest, that he fled because he was on parole. *Id.* at 14-16. The trial court deferred ruling on the motions until trial. *Id.* at 14, 16.

On the morning of trial, the trial court ruled that the evidence of Comeger's statement to Trooper Gehman, regarding being on parole, was admissible, and the court would issue a limiting instruction to the jury directing them that the evidence was only to be considered for purposes of determining Comeger's "possible purpose or intent of fleeing the police." N.T., 6/15-16/17, at 4-5. The trial court also ruled that the Commonwealth was permitted to introduce evidence of the beer, drugs, and paraphernalia found in Comeger's vehicle. *Id.* at 5.

Following a jury trial, Comeger was convicted of the above-described charges. The trial court deferred sentencing and ordered a pre-sentence investigation report ("PSI"). Subsequently, the trial court sentenced Comeger to an aggregate term of 9½ to 19 years in prison. Thereafter, Comeger filed a post-sentence Motion, requesting a modification of his sentence, which the trial court denied. Comeger filed a timely Notice of Appeal and Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Comeger raises the following questions for our review:

I.     Did the trial court err in admitting evidence of cocaine, a marijuana blunt and bottles of Heineken beer found in [Comeger's] vehicle, and drug paraphernalia including scales and razors found in the trunk of [Comeger's] vehicle,

- 3 -

where admission of this evidence was irrelevant, and far more prejudicial than probative?

II. Did the trial court err in permitting the Commonwealth to admit evidence that [Comeger] told Trooper [] Gehman that he fled because he was on parole, where this statement was irrelevant, and far more prejudicial than probative?

III. Did the trial court err in refusing to permit defense counsel to question Commonwealth witness Trooper [] Blain regarding the maximum penalties for the criminal charges he was facing, as the seriousness of his criminal charges was relevant to his testimonial bias?

IV. Was the evidence presented by the Commonwealth insufficient to sustain [Comeger's] conviction on counts 14 through 27 for recklessly endangering another person, where [Comeger] did not place another person in danger of death or serious bodily injury, simply by passing vehicles on the right, while traveling at a high rate of speed?

V. Was the imposition of consecutive sentences on Counts 3, 4, 5, 14, 23, and 28, for an aggregate sentence of nine and one-half to nineteen years['] incarceration, manifestly excessive under the circumstances, and an abuse of the court's discretion?

Brief for Appellant at 9-10 (issues renumbered).

In his first claim, Comeger alleges that the trial court abused its discretion in admitting evidence at trial regarding the beer, drugs, and drug paraphernalia found in his vehicle. *Id.* at 25-30. According to Comeger, the evidence was not relevant because the purpose for which it was admitted, *i.e.*,

to show Comeger's motive for fleeing the police,[3] had been conceded by Comeger in his opening and closing statements. *Id.* at 27-29; *see also id.* at 30 (wherein Comeger argues that because the jury already knew that he did not have a license to drive, his motive for fleeing the police had already been established). He further argues that the admission of this evidence was more prejudicial than probative because it allowed the jury to know that he was in possession of illegal substances. *Id.* at 29, 30.

> The admission of evidence is committed to the sound discretion of the trial court and an appellate court may reverse only upon a showing that the trial court clearly abused its discretion. Admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding a material fact.

*Commonwealth v. McFadden*, 156 A.3d 299, 309 (Pa. Super. 2017) (quotation marks and citations omitted); *see also* Pa.R.E. 401 (stating that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

---

[3] The trial court admitted the evidence in question because it deemed such evidence relevant to prove Comeger's intent and motive to flee police. *See* Trial Court Opinion, 11/17/17, at 6-7. The trial court concluded that because Comeger had not pled guilty, or conceded any element of the charge of fleeing police, the evidence was probative of whether Comeger "acted willfully in failing or refusing to stop his vehicle or in otherwise attempting to flee or elude police." *Id.* (citation omitted).

Evidence of other crimes, wrongs, or other acts is inadmissible solely to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1).

> However, evidence of prior bad acts is admissible where there is a legitimate reason for the evidence, such as to establish: 1) motive; 2) intent; 3) absence of mistake or accident; 4) a common scheme or plan; and 5) identity. The evidence may also be admissible to impeach the credibility of a testifying defendant; … and in situations where the bad acts were part of a chain or sequence of events that formed the history of the case and were part of its natural development.

*Commonwealth v. Page*, 965 A.2d 1212, 1219 (Pa. Super. 2009) (citation and emphasis omitted); *see also* Pa.R.E. 404(b)(2).

To be admissible to establish motive under Rule 404(b)(2), "there must be a specific 'logical connection' between the other act and the crime at issue which establishes that 'the crime currently being considered grew out of or was in any way caused by the prior set of facts and circumstances.'" *Commonwealth v. Ross*, 57 A.3d 85, 100 (Pa. 2012) (citation omitted). Such evidence may only be admitted if "the probative value of the evidence outweighs its potential for unfair prejudice." Pa.R.E. 404(b)(2); *see also Commonwealth v. Gonzalez*, 112 A.3d 1232, 1238 (Pa. Super. 2015) (stating that "[b]ecause all relevant Commonwealth evidence is meant to prejudice a defendant, exclusion is limited to evidence so prejudicial that it would inflame the jury to make a decision based upon something other than the legal propositions relevant to the case."). Additionally, "[b]ecause the trial court indicated the reason for its decision to admit [the evidence], our

scope of review is limited to an examination of the stated reason." ***Commonwealth v. Minerd***, 753 A.2d 225, 229 (Pa. 2000).

Here, Comeger was charged with fleeing or attempting to elude a police officer, which requires the Commonwealth to prove, in part, that the defendant "willfully[4] fail[ed] or refus[ed] to bring his vehicle to a stop, or … otherwise fle[d] or attempt[ed] to elude a pursuing police officer." 75 Pa.C.S.A. § 3733(a) (footnote added); ***see also Commonwealth v. Bowen***, 55 A.3d 1254, 1261 (Pa. Super. 2012) (stating that a conviction under 75 Pa.C.S.A. § 3733 requires proof that the defendant refused to stop, with the knowledge that police were attempting to pull him over). Evidence that Comeger possessed cocaine, marijuana, open beer bottles, and drug paraphernalia when the police attempted to stop him tends to establish Comeger's motive for fleeing police, *i.e.*, avoiding prosecution for possession of these items. ***See McFadden***, ***supra***; ***Ross***, ***supra***. Evidence of Comeger's possession of these items was not so prejudicial as to inflame the jury to base its decision upon something other than the legal propositions in the case. ***See Gonzalez***, ***supra***. Indeed, Comeger did not request a limiting instruction to the jury regarding their consideration of this evidence. ***See Commonwealth v. Tedford***, 960 A.2d 1, 37 (Pa. 2008) (stating that "the defendant is entitled

---

[4] "Willfully is defined in the Pennsylvania Crimes Code as when a person acts knowingly with respect to the material element of the offense. ***Commonwealth v. Wise***, 171 A.3d 784, 790 n.2 (Pa. Super. 2017) (brackets and quotation marks omitted).

upon request to a jury instruction explaining to the jury that the specific evidence is only admissible for one or more of the [purposes described in Pa.R.E. 404(b)(2)].").   Therefore, the trial court did not abuse its discretion in admitting the evidence of the cocaine, marijuana, beer, and drug paraphernalia found in Comeger's vehicle.

However, even if admission of the evidence was more prejudicial than probative, we conclude that any error in its admission was harmless.  An error will be deemed harmless if

> (1) the error did not prejudice the defendant or the prejudice was *de minimus;* or (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence . . . was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

***Commonwealth v. Markman***, 916 A.2d 586, 603 (Pa. 2007).  "The harmless error doctrine, as adopted in Pennsylvania, reflects the reality that the accused is entitled to a fair trial, not a perfect trial."  ***Commonwealth v. Hairston***, 84 A.3d 657, 671 (Pa. 2014).

Here, Comeger admitted to fleeing police in his opening and closing statements.  Further, the Commonwealth presented evidence that Trooper Schiavoni was operating a marked patrol vehicle, equipped with lights and audible sirens, and wearing a Pennsylvania State Police uniform.  N.T., 6/16-17/17, at 67.  Trooper Schiavoni pursued Comeger's vehicle and activated her sirens and lights as she approached the rear of Comeger's vehicle.  *Id.* at 70.

Comeger, who was traveling in the left lane, moved into the right lane, and successively, the lane leading to the highway off-ramp. *Id.* at 71. Before reaching the off-ramp, Comeger crossed back into the right highway lane, and accelerated his vehicle to a speed exceeding 100 miles per hour. *Id.* at 71, 74. Comeger continued driving at speeds between 100 and 125 miles per hour, with Trooper Schiavoni in pursuit, lights and siren still activated. *Id.* at 74-75. At one point, Comeger exited the highway, proceeded through a traffic light at the end of the off-ramp, and re-entered the highway via the on-ramp at the same exit. *Id.* at 76.

The Commonwealth further presented evidence that the chase continued for twenty-one miles, with Trooper Schiavoni in pursuit for the duration, following approximately two-tenths of a mile behind Comeger. *Id.* at 77, 80. During the chase, Comeger weaved in and out of vehicles, traveling in all lanes and both berms of the road. *Id.* at 77. According to the Commonwealth's evidence, Comeger passed fifteen vehicles while he was driving on the berm at an excessive speed. *Id.* at 93-94.

Near the end of the chase, Comeger changed lanes in order to avoid the stop sticks set up by Trooper Blain, whose marked patrol unit was parked on the right berm with his emergency lights activated. *Id.* at 83. As Comeger approached Trooper Blain, who was standing beside his patrol unit, he veered back into the right lane and directed his vehicle at Trooper Blain, causing him to dive out of the way. *Id.*

Accordingly, we conclude that there was overwhelming evidence to support the fleeing or attempting to elude a police officer conviction. *Commonwealth v. Moury*, 992 A.2d 162, 176 (Pa. Super. 2010) (stating that an error is harmless if this Court concludes "beyond a reasonable doubt that the error could not have contributed to the verdict.") (citation omitted). Thus, even if the admission of the evidence regarding beer, drugs, and paraphernalia in Comeger's vehicle was prejudicial, it was harmless error.

In his second claim, Comeger alleges that the trial court erred in admitting Trooper Gehman's testimony regarding Comeger's statement that he fled because he was on parole. Brief for Appellant at 34-38. Comeger argues that this testimony was irrelevant; its prejudice outweighed any probative value; and the jury was already provided with other evidence of his intent to flee. *Id.*

Similar to the evidence of Comeger's possession of beer, drugs, and paraphernalia, evidence that Comeger was on parole is relevant to show intent and motive for fleeing the police. *See McFadden*, *supra*. Moreover, Comeger requested, and the trial court granted, a limiting instruction, which cured any potential prejudice to Comeger. *See* Trial Court Opinion, 11/17/17, at 7-8 (instructing the jury that they "may not consider as to whether or not [Comeger] was on parole or not on parole or was previously involved in anything other than something that may have been outside of this case. It is limited for the purpose of that statement. It is limited solely to the issue of

his possible purpose for intent to flee the police."); *see also Commonwealth v. Tyson*, 119 A.3d 353, 360 (Pa. Super. 2015) (stating that "when examining the potential for undue prejudice, a cautionary jury instruction may ameliorate the prejudicial effect of the proffered evidence.... Jurors are presumed to follow the trial court's instructions."). Therefore, we discern no abuse of discretion by the trial court in admitting Trooper Gehman's testimony.[5]

In his third claim, Comeger alleges that the trial court erred in refusing to permit cross-examination of Trooper Blain regarding the maximum penalty for the pending charges against Trooper Blain for aggravated assault of a child and endangering the welfare of a child. Brief for Appellant at 31. Comeger argues that the severity of the charges against Trooper Blain would have demonstrated his bias against Comeger. *Id.* at 32-33.

> Preliminarily, we recognize that the scope and limits of cross-examination are within the discretion of the trial court and its rulings will not be reversed absent a clear abuse of that discretion or an error of law. Nevertheless, a witness may be cross-examined as to any matter tending to show interest or bias. When a prosecution witness may be biased in favor of the prosecution because of outstanding criminal charges or because of any non-final criminal disposition against him within the same jurisdiction, that possible bias, in fairness, must be made known to the jury. Even if the prosecutor has made no promises, either on the present case or on other pending criminal matters, the witness may hope for favorable treatment from the prosecutor if the witness presently testifies in a way that is helpful to the prosecution. And if that possibility exists, the jury should know about it.

---

[5] As noted above, there was overwhelming evidence to support the fleeing the police conviction.

***Commonwealth v. Mullins***, 665 A.2d 1275, 1277 (Pa. Super. 1995) (citations and brackets omitted). However, "[a] trial court has broad discretion to determine the scope of cross-examination." ***Commonwealth v. Lane***, 621 A.2d 566, 568 (Pa. 1993). Additionally, we limit our review to an examination of the trial court's stated reason for excluding the testimony. ***See Minerd***, ***supra***.

The trial court explained that permitting the questioning of Trooper Blain regarding the maximum sentence for his charges of aggravated assault would have improperly informed the jury of the punishment that Comeger would be facing if convicted of aggravated assault. Trial Court Opinion, 11/17/17, at 8-9. The trial court also stated that because Trooper Blain's testimony was corroborated by video evidence and testimony of several other witnesses, and because the jury found Comeger not guilty of the charges involving Trooper Blain, any error was harmless and did not prejudice Comeger. ***Id.*** at 9-10. We agree.

Our review discloses that Comeger was permitted to question Trooper Blain regarding the pending charges, thereby allowing Comeger to expose any bias of Trooper Blain. ***See*** N.T., 6/15-16/17 , at 113-14. The trial court precluded Comeger's inquiry as to the maximum penalty that Trooper Blain could receive. Because Comeger was on trial for the same crime, such an inquiry would have improperly informed the jury of the punishment Comeger would be facing if convicted. ***See Commonwealth v. Golinsky***, 626 A.2d

1224, 1231 n.4 (Pa. Super. 1993) (stating that "punishment is a matter solely for the court and not for the jury to know or consider during its deliberations."); **Lane**, **supra**. Thus, we discern no abuse of discretion by the trial court in prohibiting this line of questioning. Accordingly, Comeger is not entitled to relief on this claim.

In his fourth claim, Comeger alleges that the evidence was insufficient to support his convictions for recklessly endangering another person. **See** Brief for Appellant at 39-42. Comeger asserts that his driving was not reckless, because no vehicle was forced to take evasive action, and Trooper Schiavoni, who acknowledged engaging in the same manner of driving, testified that she was able to safely pursue Comeger. **Id.** at 40-41. According to Comeger, if Trooper Schiavoni's driving was reasonable and safe, then so, too, was Comeger's driving. **Id.** at 41.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the

credibility of witnesses and the weight of the evidence produced, is free to believe all, or part or none of the evidence.

***Commonwealth v. Melvin***, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

A person is guilty of recklessly endangering another person if "he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705.

Here, the evidence, viewed in a light most favorable to the Commonwealth as the verdict winner, establishes that Comeger drove at speeds between 104 miles per hour and 124 miles per hour for a distance of 21 miles, passed approximately 120 vehicles, 15 of which he passed while driving on the berm, swerved between traffic, and dodged stop sticks deployed by police. ***See*** N.T., 6/15-16/2017, at 74-80. This evidence is sufficient to establish that Comeger engaged in conduct that placed other persons in danger of death or serious bodily injury. ***See Commonwealth v. Picchianti***, 600 A.2d 597, 600 (Pa. Super. 1991) (stating that evidence that a defendant drove in excess of 100 miles per hour while weaving through traffic, and refused to stop for a police roadblock, is sufficient to support a verdict for recklessly endangering another person). Accordingly, we cannot grant Comeger relief on this claim.

In his fifth claim, Comeger contends that "the trial court's aggregate sentence of nine and one-half to nineteen years['] incarceration was so manifestly excessive as to constitute an abuse of discretion." Brief for

- 14 -

Appellant at 45. Comeger argues that the trial court failed to consider that the infant child suffered relatively minor injuries, that no damage or injury occurred to the vehicles that he passed on the right, and that the only damage to property was to his vehicle and one other. *Id.* at 46. Comeger further asserts that the trial court improperly found his prior record score to be "significantly higher than a five," and that he "placed more than 120 cars in serious jeopardy, when no such finding was made by the jury." *Id.* at 47.

Comeger challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Moury*, 992 A.2d at 170. Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997); *see also Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> * * *
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable

- 15 -

argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Moury*, 992 A.2d at 170 (quotation marks and some citations omitted).

Here, Comeger filed a timely Notice of Appeal, raised his sentencing claim in his Motion to Modify Sentence, and included a Rule 2119(f) Statement is his brief. Further, Comeger's claim that the sentencing court's imposition of consecutive sentences was excessive, and failed to take into account the nature and circumstances of the offenses, raises a substantial question. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013) (stating that an excessive sentence claim, in conjunction with "an argument that articulates reasons why consecutive sentences in a particular case are unreasonable or clearly unreasonable," raises a substantial question). Thus, we will review Comeger's claim.

Our standard of review is as follows:

Sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias, or ill will. It is more than just an error in judgment.

*Commonwealth v. Downing*, 990 A.2d 788, 792-93 (Pa. Super. 2010) (citation omitted).

When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. It must be

demonstrated that the court considered the statutory factors enunciated for determination of sentencing alternatives, and the sentencing guidelines. Additionally, the court must impose a sentence which is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant.

*Commonwealth v. McClendon*, 589 A.2d 706, 712 (Pa. Super. 1991) (internal citations and quotation marks omitted). Moreover, "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Downing*, 990 A.2d at 794 (quotation marks and citations omitted). "Where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Moury*, 992 A.2d at 171. Furthermore, "the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed." *Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009).

Here, the trial court considered Comeger's age and maturity, education and intelligence, and work history and ability to follow directions, as well as Comeger's statements at sentencing, and his general character. *See* N.T., 8/7/17, at 8-10. Further, the trial court considered the sentencing guidelines, Comeger's prior record score and extensive criminal history, including crimes committed while on probation, his rehabilitative needs, and the seriousness of

his crimes. *Id.* at 9-11. Thus, the trial court properly considered all the statutory factors before sentencing Comeger. *See McClendon*, *supra*.

Moreover, because the trial court had the benefit of a PSI, which the trial judge expressly stated that he had reviewed, *see* N.T., 8/7/17, at 9, it is presumed that the court was aware of relevant information regarding Comeger's character, and weighed those considerations along with any mitigating factors. *See Downing*, 990 A.2d at 794; *see also Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (stating that "[t]he sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors.") (citation omitted). Furthermore, because Comeger's sentence was within the standard range, it was appropriate under the Sentencing Code. *See Moury*, *supra*; *Lilley*, *supra*. Accordingly, we conclude that the trial court's sentence was not improperly excessive, and Comeger's discretionary sentencing challenge fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/31/2018

- 18 -