466 A.2d 691

**COMMONWEALTH of Pennsylvania**

v.

**Hubert JONES, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted June 9, 1982.

Filed Oct. 7, 1983.

Petition for Allowance of Appeal Denied Mar. 22, 1984.

Basil G. Russin, Chief Public Defender, Wilkes-Barre, for appellant.

Robert J. Gillespie, Jr., District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before CAVANAUGH, ROWLEY and WATKINS, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Luzerne County and involves the defendant-appellant's appeal from a judgment of sentence of six to twenty-three (6 to 23) months imprisonment, restitution and the payment of costs imposed on defendant after he was convicted by a jury of recklessly endangering another person and criminal mischief. The defendant had requested a specific finding by the jury as to the amount of pecuniary loss suffered by the victim. The jury determined the loss to be $3,000. The charges arose out of an incident occurring on June 19, 1980 when the occupants of a passing van fired several shotgun blasts into the victim's home.

The original information charged the defendant with criminal mischief as to the pecuniary loss in excess of $500. Prior to trial the Commonwealth moved to change the pecuniary loss to $5,000 and was granted leave to do so by the court below. This changed the grading of the crime from one of a misdemeanor of the third degree to one of a felony of the third degree. Defendant claims that this change was improper and inflamed the jury against him in view of the fact that a Commonwealth appraiser testified that in his opinion the damage to the victim's real and personal property amounted to $2,028. *Pa.Rule of Criminal Procedure 229* permits an amendment to a criminal information to correct, inter alia, a defect as to the description of any property provided that the information as amended does not charge an additional or different offense. In our case the change permitted by the court did not charge an additional or different offense. It merely changed the grading of the crime. The jury's verdict, in

fact, changed the grading of the offense from a felony of the third degree to a misdemeanor of the second degree as Criminal Mischief is a felony of the third degree if the pecuniary loss is in excess of $5,000; a misdemeanor of the second degree if the loss is in excess of $1,000; and a misdemeanor of the third degree if the loss is in excess of $500; and a summary offense if the loss is not in excess of $500. See *18 Pa.C.S.A. 3304(b)*. Under such circumstances we cannot find that the court below committed reversible error in granting the Commonwealth's motion nor can we find that the jury was prejudiced by the change in the information since this was done prior to trial. In *Commonwealth v. Herstine*, 264 Pa.Superior Ct. 414, 399 A.2d 1118 (1979), it was held that it was improper for the Commonwealth to amend an information charging a defendant with a second offense for retail theft because such would change the substantive nature of the crime and would therefore be prejudicial to the defendant. We find that case to be distinguishable from the instant case as *Herstine* dealt with a recidivist statute and, therefore, altered the substantive nature of the offense. The instant case does not involve a recidivist statute and merely involves a change in the value of the property damaged pursuant to the offense of criminal mischief and also because Pa.Rule of Criminal Procedure 229 permits an amendment to a criminal information to correct a defect as to the description of any property damaged in the offense. We hold that a change in the grade of a criminal mischief charge does not amount to an additional charge or to the charging of another offense.

Defendant also argues that the court below erred when it refused defendant's motion to have the jury view the van which defendant had used in committing the offenses. We do not agree. The defendant had been permitted to introduce photographs of the van to collaborate his description thereof, the trial took place four months after the incident out of which the charges arose, and the court found that it would have been difficult if not impossible to have duplicated the conditions under which the van was

observed that evening. Moreover, the only dispute over the description of the van was whether it was blue or green in color and the defendant admitted that although he described the van as "aqua blue" it could also be characterized as "green". Furthermore, one eyewitness specifically identified the defendant as the driver of the van. *Pa.Rule of Criminal Procedure 1112* provides that a trial judge may order a view by the jury in his discretion. Absent an abuse of discretion the trial judge's decision not to allow a view, or to order the view at a time deemed proper by him, will not be overturned. *Commonwealth v. Mangini,* 478 Pa. 147, 386 A.2d 482 (1978). Under the circumstances set forth above, we hold that the court below did not abuse its discretion when it refused defendant's request to have the jury view the van.

Judgment of sentence affirmed.

CAVANAUGH, J., concurred in the result.