600 A.2d 597

**COMMONWEALTH of Pennsylvania**

v.

**Joseph Dante PICCHIANTI, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 28, 1991.

Filed Dec. 17, 1991.

Michael E. Weinsten, Port Jervis, N.Y., for appellant.

Alan B. Cooper, Asst. Dist. Atty., Milford, for Com., appellee.

Before DEL SOLE, TAMILIA and HOFFMAN, JJ.

TAMILIA, Judge:

This is an appeal from judgment of sentence imposed January 24, 1991. In the early afternoon of April 12, 1990, Corporal Robert Evanchick of the Pennsylvania State Police was operating a stationary radar on Interstate Route 84 in Blooming Grove Township, Pike County, when appellant drove past on a motorcycle, registering a speed of 95 miles per hour on the radar unit. Corporal Evanchick pursued appellant as he weaved through traffic at speeds in excess

of 100 miles per hour, forcing two vehicles off the road. Corporal Evanchick radioed the state police dispatcher, who in turn contacted the Pike County Communication Center to gain assistance from any local police departments in the area. Responding to this request, Milford Borough Police Chief Gary Williams set up a roadblock in his marked police car along Interstate 84. As appellant approached the roadblock, Chief Williams stood in the middle of the left lane, waving his arms in an attempt to stop appellant. Appellant, however, did not slow down and Chief Williams was forced to jump out of the way to avoid being struck by appellant. Appellant was apprehended subsequently in New York and returned to Pennsylvania. Appellant was charged in a seven-count information with recklessly endangering another person [1] and six summary offenses under the Vehicle Code. The reckless endangerment count charged appellant did:

"recklessly engage in conduct which placed or may have placed Cpl. Robert Evanchick, Chief Gary Williams and other users of the highway in danger of death or serious bodily injury, in that he did drive in excess of 100 miles an hour, forced several vehicles off the roadway and refused to stop for police road blocks."

On the day of trial, after the jury was impaneled but prior to opening statements and testimony, the Commonwealth presented a motion to amend the criminal information to include three separate counts of reckless endangerment, instead of one, reflecting a charge of reckless endangerment of Corporal Evanchick, reckless endangerment of Chief Williams and reckless endangerment of "other users of the roadway." The Commonwealth conceded if the motion were granted, appellant would be entitled to a continuance. The trial court granted the Commonwealth's motion, over defense objection, but without a defense request for a continuance.

Following a jury trial, appellant was found guilty of two counts of reckless endangerment, two counts of reckless

1. 18 Pa.C.S. § 2705.

driving, one of which was a lesser included offense in the reckless endangerment charge involving Corporal Evanchick, and all other crimes charged. Appellant was sentenced to a term of one to two years imprisonment in Pike County Jail, fined $975 and ordered to pay costs.

Appellant's first seven claims on appeal concern the amendment of the criminal information from one count of reckless endangerment to three separate counts of reckless endangerment.

Pennsylvania Rule of Criminal Procedure 229 provides:

The court may allow an information to be amended when there is a defect in form, the description of the offense, the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

*Id.* The rule permits amendment to an information "provided that the change does not create a different or additional offense against which the accused must defend. Where the defendant has not been prejudiced case law has repeatedly held proper amendments to informations which have not broadened or changed the charge or which have not altered the nature or grade of the offense." *Commonwealth v. Wax,* 391 Pa.Super. 314, 318, 571 A.2d 386, 388 (1990) (citations omitted).

In reviewing a grant to amend an information, this Court will look to determine whether the defendant is fully apprised of the charges against him. Where the crimes specified in the original information involve the same basic elements and arose out of the same factual situation as the crimes specified in the amended information, the defendant is deemed to have been placed on notice regarding his alleged criminal conduct and no prejudice to defendant results. *Commonwealth v. Berry,* 355 Pa.Super. 243, 513 A.2d 410 (1986); *Commonwealth v. Stanley,* 265 Pa.Super. 194, 401 A.2d 1166 (1979). Further, if there is no showing

of prejudice, amendment of an information to add an additional charge is proper even on the day of trial. *Commonwealth v. Womack*, 307 Pa.Super. 396, 453 A.2d 642 (1982). Finally, the mere possibility amendment of an information may result in a more severe penalty due to the addition of charges is not, of itself, prejudice. *Commonwealth v. Lawton*, 272 Pa.Super. 40, 414 A.2d 658 (1979); *Commonwealth v. Jones*, 319 Pa.Super. 570, 466 A.2d 691 (1983).[2]

In this case, appellant was aware from the time the original information was filed that Corporal Evanchick, Chief Williams and "other users of the roadway" were all listed as alleged victims of appellant's actions resulting in the charge of reckless endangerment. Following the standards enunciated in *Berry* and *Stanley*, we find no prejudice to appellant where the amended information reflects the identical crimes, and the elements thereof arose out of the identical scenario and involve the identical victims. Amendment in this case did not broaden or change the reckless endangerment charge against appellant. In so finding, we discern a clear distinction between this case and the holding in *Commonwealth v. DeSumma*, 522 Pa. 36, 559 A.2d 521 (1989), wherein the Supreme Court refused to allow amendment of a criminal complaint at trial to include victims who were *not named* in the original complaint. In *DeSumma*, amendment to include previously unnamed victims violated Rule 229's prohibition charging additional or different offenses, vitiating possible defenses which might have been raised. Here, appellant had ample notice of the identity of his alleged victims, although they were contained in a single information.[3] Appellant also claims he was

2. It is noted, however, that although appellant faced greater criminal exposure following amendment of the information, his concurrent sentences of one to two years imprisonment amounted to the same sentence as if he had been charged with only one count of reckless endangerment.

3. We agree with the trial court's finding that, *sua sponte*, it could separate a single count of reckless endangerment specifying more than one person who was placed in danger of death or serious bodily injury into a separate count of reckless endangerment for each individual placed in such danger. This action complies with the Supreme

prejudiced by the failure of the Commonwealth to provide a written amendment to him. Given the foregoing facts, we find no need to provide appellant with a new information which merely separates one count into three, and, therefore, no prejudice to appellant. We also reiterate appellant at no time requested a continuance, diluting the strength of any prejudice claim.

■ Appellant also argues the trial court erred in permitting Corporal Evanchick to read from his police report "contrary to the best evidence rule." This claim is entirely without merit, and we adopt a portion of the trial court Opinion in this regard.

> This alleged error has nothing to do with the best evidence rule. The record reveals that the disputed report was used by the Commonwealth to rehabilitate its witness as evidence of a prior consistent statement. Therefore, we overruled the Defendant's objection, and allowed the witness Cpl. Evanchick to read from his original report.

(Slip Op., Thomson, Jr., P.J., 3/7/91, pp. 7–8.)

Finally, appellant raises challenges to the sufficiency and weight of the evidence. In order to review a claim the evidence was insufficient to prove appellant's guilt beyond a reasonable doubt, we must accept all evidence and all reasonable inferences therefrom, upon which the fact finder could have based the verdict, in order to determine whether the Commonwealth's evidence was legally sufficient to support the verdict. Only where the evidence, when so viewed, is insufficient to establish guilt beyond a reasonable doubt as to the crimes charged is relief granted. *Commonwealth v. Cody*, 401 Pa.Super. 85, 584 A.2d 992 (1991).

> Court's decision in *Commonwealth v. Frisbie*, 506 Pa. 461, 485 A.2d 1098 (1984), that a separate offense of reckless endangerment is committed for each individual person placed in danger of death or serious bodily injury. While such *sua sponte* action should not be undertaken by the trial court merely to "clean up" after sloppy pleading by the Commonwealth, we find it allowable when "necessary in the interests of justice." Pa.R.Crim.P. 229.

■  From our examination of the record before us, we find ample evidence to support the jury's verdict.  Further, appellant's challenge to the weight of the evidence must fail because we do not find the verdict "so contrary to the evidence as to shock one's sense of justice and make the award of a new trial imperative." *Commonwealth v. Hunter*, 381 Pa.Super. 606, 617, 554 A.2d 550, 555 (1989).

Judgment of sentence affirmed.

Dissenting opinion by DEL SOLE, J.

DEL SOLE, Judge, dissenting:

I dissent from the majority opinion because I believe that the amendment of the information from one count of reckless endangerment to three separate counts of reckless endangerment constitutes the creation of additional charges in violation of Pa.R.Crim.P. 229.

The majority improperly distinguishes *Commonwealth v. DeSumma*, 522 Pa. 36, 559 A.2d 521 (1989), as standing for the narrow rule that a criminal complaint may not be amended to include victims who were *not named* in the original complaint.  However, a closer reading of *DeSumma* reveals that the creation of an additional charge does not turn solely on the question of whether or not all of the persons were named in the original information.  As Justice Flaherty stated in reference to the amendment in *DeSumma:*

> The latter, in fact, constitutes five separate offenses against the peace and dignity of the Commonwealth.  It is therefore clear that the amendment of appellant's information at trial from an assault upon O'Hara to an assault upon five people was impermissible under Rule 229 which prohibits an amendment from charging 'an additional or different offense.'

*Id.*, 522 Pa. at 40, 559 A.2d at 523.  It is not the mere addition of the names that is determinative, rather it is the resultant additional charges that is a violation of Rule 229.

Furthermore, in *DeSumma*, the addition of the four names did not result in appellant being charged with any additional counts of reckless endangerment or assault. The instant case is therefore an even stronger case for application of Rule 229, as the amendment charged appellant with two *additional counts.* The rule states that the information as amended may not "charge an additional or different offense." Although the amendment charged appellant with three counts of the identical offense, in differentiating between additional offenses and different offenses, the language of Rule 229 implies that each of the offenses charged need not be different from one another to fall within the rule's purview.

The majority also justifies their decision by reference to *Commonwealth v. Lawton*, 272 Pa.Super. 40, 414 A.2d 658 (1979) and *Commonwealth v. Jones*, 319 Pa.Super. 570, 466 A.2d 691 (1983), citing these cases for the proposition that an increase in the severity of punishment as a result of amendment is not a violation of Rule 229. However, here we are not dealing solely with the issue of a more severe penalty. Instead, it is the creation of additional criminal charges that is objectionable. The court in *Jones* specifically said that a change in the *grading* of a criminal mischief charge does not amount to an additional charge, but was silent as to the issue of a change in the *number* of offenses charged and is therefore inapplicable to the case at bar.

I also take issue with footnote 3 of the majority's opinion. The majority's use of *Commonwealth v. Frisbie*, 506 Pa. 461, 485 A.2d 1098 (1984), to justify the trial court's finding that it could *sua sponte* separate a single count of reckless endangerment into multiple counts is misplaced. *Frisbie* holds that multiple sentences may be imposed on a defendant whose single unlawful act injures multiple victims. It does not speak to the issue of *sua sponte* actions by the trial court, as defendant was originally charged with nine separate counts of reckless endangerment, obviating the need for *sua sponte* action by the court. A trial court should not be allowed to overcome sloppy pleading by the

District Attorney's office by making amendment to an information *sua sponte.* Although the majority cites Rule 229 as allowing such action when "necessary in the interests of justice," the rule actually states that *"upon amendment* the court may grant such postponement of trial or other relief as is necessary in the interests of justice." (emphasis added). The rule therefore does not contemplate the type of *sua sponte* action to which the majority refers.