J-A07022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NIRAN L. WILLIAMS | : | |
| | : | |
| Appellant | : | No. 176 EDA 2022 |

Appeal from the PCRA Order Entered December 15, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001887-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NIRAN L. WILLIAMS | : | |
| | : | |
| Appellant | : | No. 177 EDA 2022 |

Appeal from the PCRA Order Entered December 15, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001889-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NIRAN L. WILLIAMS | : | |
| | : | |
| Appellant | : | No. 178 EDA 2022 |

Appeal from the PCRA Order Entered December 15, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001890-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

J-A07022-23

<table>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>v.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>NIRAN L. WILLIAMS</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>Appellant</td><td>:</td><td>No. 179 EDA 2022</td></tr>
</table>

Appeal from the PCRA Order Entered December 15, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001891-2016

<table>
<tr><td>COMMONWEALTH OF PENNSYLVANIA</td><td>:</td><td>IN THE SUPERIOR COURT OF</td></tr>
<tr><td></td><td>:</td><td>PENNSYLVANIA</td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>v.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>NIRAN L. WILLIAMS</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>Appellant</td><td>:</td><td>No. 180 EDA 2022</td></tr>
</table>

Appeal from the PCRA Order Entered December 15, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001892-2016

<table>
<tr><td>COMMONWEALTH OF PENNSYLVANIA</td><td>:</td><td>IN THE SUPERIOR COURT OF</td></tr>
<tr><td></td><td>:</td><td>PENNSYLVANIA</td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>v.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>NIRAN L. WILLIAMS</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>Appellant</td><td>:</td><td>No. 181 EDA 2022</td></tr>
</table>

Appeal from the PCRA Order Entered December 15, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001893-2016

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JULY 12, 2023**

- 2 -

Niran L. Williams appeals the denial of his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. He maintains that the court erred in denying his PCRA petition because he raised meritorious ineffectiveness, constitutional, and sentencing claims. He also contends that the court erred by failing to hold an evidentiary hearing. We vacate the PCRA order to the extent it denied Williams' challenge to the constitutionality of his Sex Offender Registration and Notification Act ("SORNA") registration requirements and remand for further proceedings.[1] We affirm the remainder of the order denying Williams relief.

A jury found Williams guilty in June 2017, of six counts of robbery, two counts each of rape, involuntary deviate sexual intercourse (IDSI), and sexual assault, and three counts each of possessing an instrument of crime (PIC), possessing a firearm without a license, and carrying a firearm on public streets in Philadelphia.[2] In a separate bench trial following the jury's verdict, the court found Williams guilty of three counts of persons not to possess a firearm.[3] **See Commonwealth v. Williams**, No. 1118 EDA 2018, 2019 WL 1522643, at *1 n.1 (Pa.Super. filed Apr. 5, 2019). The court deferred sentencing to September 2017, to obtain a presentence investigation ("PSI") report and mental health evaluation, with no objection from counsel. **See** Tr. Ct. Docket

---

[1] **See** 42 Pa.C.S.A. §§ 9799.51-9799.75.

[2] **See** 18 Pa.C.S.A. §§ 3701(a)(1), 3121(a)(1), 3123(a)(1), 3124.1, 907(a), 6106, and 6108, respectively.

[3] **See** 18 Pa.C.S.A. § 6105.

Entry No. 125. Before sentencing, counsel requested a continuance for further investigation and waived the issue of speedy sentencing. *See* Tr. Ct. Docket Entry No. 129; Pa.R.Crim.P. 704. The court continued sentencing to December 1, at which time it held a hearing. *See* Tr. Ct. Docket Entry No. 129. The trial court sentenced Williams to an aggregate term of 36 to 73 years' incarceration. We affirmed the judgment of sentence, and our Supreme Court denied Williams' petition for allowance of appeal. *Williams*, No. 1118 EDA 2018, 2019 WL 1522643, *appeal denied*, 217 A.3d 1209 (Pa. filed Sept. 17, 2019).

Williams filed the instant PCRA petition, his first, in August 2020. The court appointed counsel who filed an amended petition. Williams claimed ineffective assistance of counsel for several issues, a violation of his constitutional rights based on the sufficiency and weight of the evidence, the imposition of an illegal sentence, and a violation of his due process rights due to his lifetime registration as a sexual offender pursuant to SORNA.

The PCRA court issued a Rule 907 notice of its intent to dismiss the petition without a hearing. It concluded that Williams failed "to state a claim upon which post-conviction relief could be granted." Notice of Court's Intent to Dismiss Without Hearing Defendant's Petition for Post-Conviction Relief Pursuant to Pa.R.Crim.P. 907, filed 11/22/21, at ¶ 10; Pa.R.Crim.P. 907(1). The court stated that Williams had not presented evidence to support his ineffectiveness claims and failed to show prejudice. The court also concluded that Williams' claims regarding the weight and sufficiency of the evidence were

- 4 -

both previously litigated on direct appeal and without merit. Williams did not file a response, and the court denied the petition. Order Dismissing PCRA Petition, filed 12/15/21. This timely appeal followed.[4]

Williams presents the following claims:

1. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that trial counsel was ineffective for failing to protect [Williams'] constitutional rights and the application of the Pennsylvania Rules of Criminal Procedure on multiple occasions; investigate or interview potential witnesses, including alibi witnesses; adequately prepare for trial or properly object to the introduction of prejudicial evidence and improper amendment of the bills of information; protect [Williams'] speedy trial rights; and appeal the pre-trial hearing decision granting joinder of the cases, or file a motion to sever prior to trial.

2. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish violations of [Williams'] constitutional rights under the United States and Pennsylvania Constitutions, including Fourth Amendment violations based on the inclusion of knowingly false information on the affidavits of probable cause for arrest; due process violations based on the improper amendment of the bills of information; admission of prejudicial evidence; a violation of his speedy trial rights; a conviction based on insufficient evidence; a verdict against the weight of the evidence; and the Sixth

---

[4] When a single order resolves issues arising on more than one docket, separate notices of appeal must be filed from that order at each docket. **See Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. 2021). Williams filed a notice of appeal at each separate trial court docket number, listing all six docket numbers on each notice. **See Commonwealth v. Johnson**, 236 A.3d 1141, 1148 (Pa.Super. 2020) (*en banc*). We consolidated the appeals *sua sponte*.

Amendment violation established by counsel's ineffectiveness.

3. Whether the trial court imposed an illegal sentence in excess of the statutory maximum.

4. Whether the PCRA court erred by failing to grant an evidentiary hearing.

Williams' Br. at 9.

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Beatty*, 207 A.3d 957, 960-61 (Pa.Super. 2019).

Within his first issue, Williams raises several ineffectiveness claims. A petitioner claiming ineffective assistance of counsel must overcome the presumption of effectiveness. *See Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015). The petitioner may do so by pleading and proving: "(1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner." *Id.* (citation omitted). Prejudice in this context means "that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction." *Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (citation omitted). Counsel will not be deemed ineffective for failing to raise meritless claims. *See id.* Furthermore, a failure to establish any of the prongs of an ineffectiveness

claim will result in rejection of the claim. ***See Commonwealth v. Basemore***, 744 A.2d 717, 738 n.23 (Pa. 2000).

Williams raises multiple ineffectiveness claims within his first issue; we address each separately. We note that collectively for the prejudice prong, Williams maintains that counsel's actions or inactions "adversely affected the outcome of the trial" and denied him the opportunity to prove his innocence. Williams' Br. at 18. He also claims that counsel's failures prejudiced him by "undermin[ing] the jury's ability to make a reliable determination of guilt or innocence." ***Id.*** at 19.

*Failure to Object to Commonwealth's Noncompliance with Rule 556(B)*

Williams argues that trial counsel was ineffective for failing to object to, or file a motion to quash, the indictment due to the Commonwealth's failure to comply with Rule 556(B) of the Pennsylvania Rules of Criminal Procedure. He maintains that the Commonwealth failed to comply with Rule 556 because it did not provide proof that the Philadelphia Court of Common Pleas petitioned our Supreme Court to resume an indicting grand jury.

This claim of ineffectiveness fails as it lacks arguable merit. Williams confuses the Court of Common Pleas' responsibility pursuant to Rule 556(B) with the Commonwealth's responsibility under Rule 556.2(A) as it relates to indicting grand juries. Pursuant to Rule 556(B), the Court of Common Pleas, not the Commonwealth, petitioned the Supreme Court to resume indicting grand juries and was granted that ability "on or after December 18, 2012." ***In re Empanelment of Indicting Grand Jury***, 54 A.3d 13, 14 (Pa. 2012);

Pa.R.Crim.P. 556(B). In comparison, Rule 556.2 requires that when the Commonwealth wishes to proceed by way of a grand jury, it files a motion to "present the matter to an indicting grand jury instead of proceeding to a preliminary hearing." Pa.R.Crim.P. 556.2(A). Upon receiving this motion, "the president judge, or the president judge's designee" reviews the motion and determines whether to grant the motion. *Id.* at 556.2(A)(3). Here the Commonwealth motioned for a grand jury before the president judge in the instant case in 2016, more than three years after our Supreme Court's 2012 order. *See* Docket Entry No. 6. Counsel was not ineffective for failing to raise this meritless claim. *Johnson*, 139 A.3d at 1272.

*Failure to Object to Amendment of Bills of Information*

Williams maintains that the Commonwealth "amended the bills on the day jury selection was to begin, without objection from trial counsel." Williams' Br. at 16. He states that he did not know the additional charges and was not able to "prepare a defense against the new claims." *Id.* He argues that this amendment was not proper and counsel's failure to object "equates to a failure to protect [Williams'] constitutional right to due process and satisfies the arguable merit standard." *Id.*

This claim is also meritless. A review of the record reveals that on June 5, 2017, the Commonwealth moved to amend the charge of Section 6105 from a felony of the second degree to a misdemeanor of the first degree. *See* Docket Entry No. 65. It made this amendment on the day of jury selection with no objection from trial counsel. However, the record does not reflect that

the Commonwealth moved to amend for additional charges. *See* Pa.R.Crim.P. 564 (an amendment to an information may be made "provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge" as to unfairly prejudice the defendant). Furthermore, Williams fails to explain what charges the Commonwealth added, and does not explain how he was prejudiced by such. *See Commonwealth v. Picchianti*, 600 A.2d 597, 599 (Pa.Super. 1991) (stating an amendment may be proper even on the day of trial where "there is no showing of prejudice" to the defendant). The court did not err in rejecting this meritless claim. *Johnson*, 139 A.3d at 1272; *Basemore*, 744 A.2d at 738.

*Failure to Request Franks Hearing*

Williams also argues that counsel should have filed a motion to suppress and requested a *Franks* hearing. *See Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) (holding a defendant may request a hearing to attack the validity of a warrant on the basis that the affiant knowingly and intentionally, or recklessly, included a false statement in the affidavit). He claims the affidavits of probable cause contained "patently false" information and were "made with disregard for the truth." Williams' Br. at 16. He maintains the allegedly false statements in the affidavits invalidate the arrest warrants because the statements "w[ere] never corroborated by additional evidence, nor the veracity confirmed by additional witnesses or documentation." *Id.*

Williams' claim is underdeveloped, and he fails to cite any statements within the affidavit that would be deemed false. His brief never identifies the allegedly false statements. *See Commonwealth v. James*, 69 A.3d 180, 188 (Pa. 2013) (allegations of false statements in warrant affidavit must be "more than conclusory and must be supported by more than a mere desire to cross-examine") (citation omitted). This claim is waived. *See Commonwealth v. Brown*, 200 A.3d 986, 992 (Pa.Super. 2018).

*Failure to Present Alibi Witnesses*

Williams alleges that counsel failed to present testimony from alibi witnesses, Cassandra Torres and Yusef Davis. He claims both witnesses "were prepared to testify at trial that [Williams] was with them at the time of alleged incidents, and was nowhere near the vicinity where the criminal acts are alleged to have occurred." Williams' Br. at 17. He maintains that this testimony would have been admissible and would have established a defense. Without this testimony, "the jury was not afforded the opportunity to hear certain facts that would definitively establish [Williams'] actual innocence." *Id.* at 16-17.

Beyond his own suggestion, Williams provides nothing to show that these witnesses were available and willing to testify on his behalf. *See Commonwealth v. Cousar*, 154 A.3d 287, 312 (Pa. 2017) (stating requirements of establishing ineffectiveness claim for failure to call witness, including but not limited to proof that witness was available and willing to testify on appellant's behalf). Williams did not provide a signed certification or affidavit to substantiate his claim that either witness would testify that he was

not in the vicinity of the area where any of the crimes occurred or otherwise substantiate his claim. *See Commonwealth v. Lopez*, 739 A.2d 485, 496 (Pa. 1999) (rejecting ineffectiveness claim for failure to call witnesses where the witnesses' existence and willingness to testify on defendant's behalf is based solely on defendant's "unsubstantiated allegations"). This claim is meritless.

*Failure to Appeal Consolidation of Cases or Move to Sever*

Williams claims that counsel should have filed a motion to sever Williams' cases, and the failure to do so resulted in a denial of his due process rights. He maintains that the joinder of the cases "created bias" and that there was no nexus between the allegations of each complainant. Williams' Br. at 17. He also maintains that "the allegations are not part of the same sequence of events." *Id.*

Williams' claim is meritless. On direct appeal, this Court determined that the trial court did not err by granting the Commonwealth's motion to consolidate. We determined that "the crimes were not just 'of the same class'" but "[t]he methods employed in carrying out the crimes were remarkably similar." *Williams*, 2019 WL 1522643 at *5. We noted that Williams "targeted prostitutes who were soliciting their services on Backpage and who lived in proximity to one another." *Id.* "After engaging in consensual sex for money, the victims were held up at gunpoint, forced to perform oral sex, raped vaginally from behind, and robbed." *Id.* Because this Court previously concluded that the trial court did not err in granting the motion to consolidate,

we cannot now say that a motion for severance would have had arguable merit or that Williams was prejudiced by counsel's omission. No relief is due.

*Failure to Ensure Timely Sentencing*

Williams next argues that counsel ought to have ensured that the court sentenced him within 90 days, as required by Rule 704 of the Pennsylvania Rules of Criminal Procedure. He states that the court sentenced him almost 6 months after the jury found him guilty.

"[A] defendant who is sentenced in violation of [Rule 704] is entitled to a discharge **only where the defendant can demonstrate that the delay in sentencing prejudiced him or her**." *See Commonwealth v. Anders*, 725 A.2d 170, 173 (Pa. 1999) (emphasis added).[5] The 90-day deadline can be extended for good cause. *See* Pa.R.Crim.P. 704(A)(2). The court sentenced Williams on December 1, 2017, 79 days beyond the 90-day limit. *See* Pa.R.Crim.P. 704(A)(1). This deferment of sentencing was based on good cause, as the court needed to obtain a PSI and a mental health report. Counsel also requested a continuance to obtain the reports. Moreover, Williams fails to identify any prejudice. This issue, and all of Williams' first issue, fails.

In his second issue, Williams argues that his constitutional rights were violated. As with his first issue, Williams' second issue contains multiple sub-claims. We address each separately.

*Rule 600 Violation*

---

[5] ***Anders*** references the previous version of Rule 704, Rule 1405, which was not materially different from Rule 704. *See* Pa.R.Crim.P. 704, Note.

Williams maintains that the Commonwealth violated his right to a speedy trial, and argues a violation of Rule 600 of the Pennsylvania Rules of Criminal Procedure. He states that he was arrested on January 15, 2016, but his trial did not commence until June 5, 2017, beyond the 365 days required by Rule 600. He claims that trial counsel therefore should have filed a motion to dismiss, and the court should have granted the motion.

Williams conflates two related but separate issues. To the extent he claims a constitutional violation, but fails to make a constitutional argument, this issue is waived as undeveloped. To the extent he is arguing a Rule 600 violation, the claim fails for lack of merit. Considering the 188 days of excludable time, this claim fails. 47 days between October 20, 2016, and December 5, 2016, are excludable due to a defense continuance. **See** Docket Entry No. 35. 56 days between January 17, 2017, and March 13, 2017, are excludable due to a continuance request by the Commonwealth to obtain DNA results. **See** Docket Entry No. 49; **Commonwealth v. Frye**, 909 A.2d 853, 858-59 (Pa.Super. 2006) (concluding continuance request from Commonwealth due to unavailability of DNA constituted excusable delay). 85 days between March 13, 2017, and June 5, 2017, are also excludable because the Commonwealth requested a continuance due to the unavailability of necessary witnesses. **See Commonwealth v. Wendel**, 165 A.3d 952, 957 (Pa.Super. 2017) (concluding continuance request from Commonwealth due to unavailability of witness that was "beyond the Commonwealth's control" constituted excusable delay). Taking these days into account, the

Commonwealth brought Williams' case to trial within 320 days, well within the time required by Rule 600.

*Sufficiency and Weight of Evidence*

Williams claims that his due process rights were violated because the Commonwealth presented insufficient evidence and because the jury's verdict was against the weight of the evidence. To the extent he is asserting sufficiency and weight claims, he is not entitled to relief because he previously litigated those issues on direct appeal. **See** 42 Pa.C.S.A. § 9543(a)(3) (stating to be eligible for relief, a petitioner must show "[t]hat the allegation of error has not been previously litigated or waived"). Furthermore, sufficiency and weight claims are not cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2) (listing cognizable claims under PCRA). To the extent he attempts to refashion his sufficiency and weight claims as constitutional violations, even if they are not properly deemed previously litigated, they fail for the reasons we set forth in our decision on direct appeal.

In his third issue, Williams maintains that the trial court imposed an illegal sentence. He argues that the court's imposition of consecutive sentences exceeded the statutory maximum. He claims his robbery and rape convictions should have merged because they allegedly arose from one single criminal act.

"A claim that crimes should merge for sentencing purposes raises a non-waivable challenge to the legality of the sentence; thus, our standard of review is *de novo,* and our scope of review is plenary." **Commonwealth v. Edwards**,

256 A.3d 1130, 1136 (Pa. 2021). Crimes merge for sentencing purposes when "the crimes arise from a single criminal act *and* all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S.A. § 9765 (emphasis added).

Here, even if Williams' convictions arose from a single criminal act, which they did not, the crimes of robbery and rape would not have merged. Section 3701(a)(1) of the Crimes Code defines robbery as follows: "[a] person is guilty of robbery if, in the course of committing a theft, he: inflicts serious bodily injury upon another." 18 Pa.C.S.A. § 3701(a)(1). The crime of rape occurs when "[a] person engages in sexual intercourse with a complainant: by forcible compulsion." 18 Pa.C.S.A. 3121(a)(1). All the statutory elements of robbery are not included in the statutory elements of rape. The offenses do not merge. Further, as the PCRA court explained, Williams' crimes "did not derive from a single criminal act or episode." Opinion, filed 8/3/22, at 17.

> [Williams] was found guilty of six counts of robbery for robbing six different victims over the course of three days. The six robbery convictions rose from six distinct criminal acts that had distinct differences to threats made and how the crime was carried out. [Williams] was also found guilty of two counts of rape for raping two different victims on two different days. [Williams'] rape convictions arose from distinct criminal acts on two different days and two different locations[.]

*Id.*

Williams also alleges that his lifetime registration under SORNA amounted to lifetime punishment and constitutes an illegal sentence. Williams'

- 15 -

Br. at 23. He maintains that his registration violates his due process rights "based on the Act's declaration that registrants are highly likely to repeat their behavior and are dangerous." *Id.* at 24. He also claims that his registration presumes "that he is dangerous and a high risk to repeat sexually criminal behavior." *Id.*

Williams' argument poses a question of law. Our standard of review is *de novo*, and our scope of review is plenary. ***Commonwealth v. Torsilieri***, 232 A.3d 567, 575 (Pa. 2020). Because his challenge implicates the legality of his sentence, it is nonwaivable. ***Commonwealth v. Thorne***, 276 A.3d 1192, 1194, 1198 (Pa. 2022). Where such a challenge is raised for the first time on appeal, remand is appropriate "to allow the parties to address whether a consensus has developed to call into question the relevant legislative policy decisions impacting offenders' constitutional rights." ***Torsilieri***, 232 A.3d at 595.

Williams' claims are identical to those presented in ***Torsilieri***. In ***Torsilieri***, the appellant challenged the constitutionality of the registration requirements of Revised Subchapter H of SORNA, claiming that it presumed "that all sexual offenders are dangerous and pose a high risk of recidivation, necessitating registration and notification procedures to protect the public from recidivist sexual offenders." *Id.* at 573. The ***Torsilieri*** court remanded the case, determining that the record was not sufficient to address the issue on appeal. Pursuant to ***Torsilieri***, we will therefore remand. ***See Commonwealth v. Boyd***, 287 A.3d 957, 960 (Pa.Super. 2022) (remanding

for "trial court to hold evidentiary hearing on the constitutional challenges to SORNA II, Revised Subchapter H" raised on appeal where record was underdeveloped).

In his final issue, Williams argues that because he raised "legitimate" claims the court erred by not granting an evidentiary hearing. Williams' Br. at 25. We review the denial of an evidentiary hearing in a PCRA case for abuse of discretion. *See Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015). As referenced above, all but one of Williams' claims raised in his PCRA petition were meritless. To the extent that Williams raised a challenge to the constitutionality of SORNA, the PCRA court erred in denying an evidentiary hearing on this sole issue. Therefore, we vacate the PCRA order in part and remand as to the *Torsilieri* claim. We affirm as to the remaining issues.

Order affirmed in part and vacated in part. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/2023