J-S14027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHANIEL TYLER, JR. | : | |
| | : | |
| Appellant | : | No. 1681 MDA 2023 |

Appeal from the Judgment of Sentence Entered November 13, 2023
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000472-2023

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY PANELLA, P.J.E.:            **FILED: JULY 2, 2024**

Nathaniel Tyler, Jr. appeals from the judgment of sentence entered in the Adams County Court of Common Pleas on November 13, 2023. We affirm.

Following a vehicle stop on January 11, 2023, Tyler was charged with DUI – alcohol, and the summary offense of accident involving damage to unattended vehicle/property. Tyler filed a pre-trial motion to suppress evidence.

On September 5, 2023, the parties appeared for a suppression hearing. At the start of the hearing, the Commonwealth moved to amend the information to add a count of DUI – Controlled Substance. After hearing from both sides, the court entered an order granting the amendment "[o]ver Defense objection." Order, 9/5/23. The court then proceeded to hold the

suppression hearing. The trial court made the following relevant findings of fact from the hearing:

1. On January 11, 2023, at approximately 10:24 PM, Officer Shannon Hilliard ("Officer Hilliard") of the Gettysburg Borough Police Department, received a call from Officer Orth, who was off duty at the time, that a silver minivan had struck two vehicles parked in front of 111 Hanover Street in Gettysburg, Adams County, Pennsylvania.

2. Officer Orth testified at the suppression hearing that he did not see the crash, but he heard it. He then went outside and observed a silver minivan driving away. The minivan had a large dent in the rear hatch. Officer Orth also observed that an unattended parked vehicle had damage.

3. Officer Orth called Officer Hilliard and told him what he had observed.

4. Officer Hilliard has approximately eighteen years of law enforcement experience.

5. Officer Hilliard first went to the scene of the accident, but the minivan was no longer there. Officer Hilliard then went to 4th Street, a nearby street, and observed a minivan matching the general description Officer Orth had given, including the dent in the rear hatch. Officer Hilliard was on the phone with Officer Orth, and Officer Orth told him that he had just seen the minivan circle around the block back to the scene of the accident.

6. After observing the minivan pass 4th Street, Officer Hilliard initiated a traffic stop. Officer Hilliard also noticed that the minivan did not have a functioning passenger registration light and that the sixth digit on the license plate was chipped so it was difficult to read.

7. [] Tyler [] was driving the minivan.

8. During the stop, [Tyler] admitted he had been in the area of the accident.

Trial Court Opinion, 9/5/23, at 1-3 (unnecessary capitalization omitted). After taking a short recess, the court denied the motion to suppress.

The court immediately proceeded to the bench trial, following which the court found Tyler guilty of DUI – controlled substances and the summary offense. The court found Tyler not guilty of DUI – alcohol.

On November 13, 2023, the court sentenced Tyler to six months' probation for DUI – controlled substances and no further penalty for the summary offense. This timely appeal followed.

Tyler raises the following three issues on appeal:

A. Whether Officer Hilliard had probable cause or reasonable suspicion constitutionally required to initiate a vehicle stop.

B. Whether the court erred in allowing the Commonwealth to amend the information immediately before trial.

C. Whether the evidence presented at trial was sufficient to prove beyond a reasonable doubt that [Tyler] was under the influence of a controlled substance so as to render him incapable of driving safely.

Appellant's Brief, at 4 (unnecessary capitalization omitted).

In his first issue, Tyler claims the trial court erred in denying his motion to suppress evidence. Specifically, Tyler claims there was no reasonable suspicion or probable cause to justify the traffic stop.

Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the ruling of the suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of

- 3 -

the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Eichinger*, 915 A.2d 1122, 1134 (Pa. 2007) (citations omitted). Furthermore, questions of credibility and the weight to be accorded to witness testimony are issues within the sound discretion of the trial court. *See Commonwealth v. Fitzpatrick*, 666 A.2d 323, 325 (Pa. Super. 1995).

In supporting his argument, Tyler focuses almost exclusively on Officer Hilliard's observation in the affidavit of probable cause that "[t]he minivan did not have a functioning passenger side registration light and the PA registration plate 'JGZ 9597' was blistering and peeling to the point that you could not recognize the 6th character of the plate." Affidavit of Probable Cause, 1/29/23, at 1.

Tyler wholly ignores the remainder of the affidavit of probable cause, which states multiple times throughout that the reason for the traffic stop was due to Tyler's vehicle striking a parked vehicle. Officer Hilliard notes that he advised Tyler that this was the reason for the stop numerous times during their interaction, but that Tyler continued to feign confusion over the reason for the stop.

It is clear Tyler continues to "feign confusion" even on appeal, despite the reason for the stop being very clear in the affidavit of probable cause. Tyler was further put on notice of the reason for the stop based on ultimately

being charged with the summary offense of accident involving damage to unattended vehicle/property.

Under Section 3745 of the Vehicle Code, "[t]he driver of any vehicle which collides with or is involved in an accident with any vehicle ... which is unattended resulting in any damage to the other vehicle … shall immediately stop the vehicle at the scene of the accident." 75 Pa. C.S.A. § 3745(a).

In denying suppression, the trial court concluded as follows:

> In the instant case, Officer Hilliard received information that a silver minivan had been involved in an accident with an unattended vehicle parked on the side of the street and that the minivan had driven away from the scene of the accident. The minivan involved in the accident had a dent in the rear hatch. [Tyler] was driving a lightly colored minivan with a dent in the rear hatch near the area where the accident had occurred. Although the color of [Tyler]'s minivan may not always appear silver, at night, [Tyler]'s minivan closely matched the description of the minivan involved in the accident. Officer Hilliard reasonably suspected that [Tyler] had violated the Motor Vehicle Code by leaving the scene of an accident with an unattended vehicle. Since Officer Hilliard did not know for certain that [Tyler] was the individual involved in the accident, he needed to further investigate to verify whether [Tyler] had violated the Motor Vehicle Code. Officer Hilliard legitimately expected that the stop of [Tyler]'s vehicle would provide additional information about the accident.

Suppression Court Opinion on Motion for Suppression, 9/5/23, at 5.

We find the suppression court did not err in denying Tyler's motion to suppress based on the vehicle stop. The court's findings are supported by the record and the court clearly credited the officers' testimony. Accordingly, Tyler's first issue is without merit.

In his second issue, Tyler argues the trial court abused its discretion by permitting the Commonwealth to amend the information immediately prior to trial. Tyler contends he suffered prejudice because of the last-minute request.

We review a trial court's decision to grant or deny a motion to amend an information for an abuse of discretion. *See Commonwealth v. Small*, 741 A.2d 666, 681 (Pa. 1999). As we have explained,

> [a]n abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. If in reaching a conclusion the trial court overrides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

*Commonwealth v. Belknap*, 105 A.3d 7, 10 (Pa. Super. 2014) (citations and quotation marks omitted).

> The Pennsylvania Rules of Criminal Procedure provide as follows:
>
> The court may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa.R.Crim.P. 564.

"[T]he purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed."

*Commonwealth v. Sinclair*, 897 A.2d 1218, 1221 (Pa. Super. 2006) (citation omitted).

When presented with a question concerning the propriety of an amendment, we consider:

> [w]hether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

*Id.* (citation omitted).

> Since the purpose of the information is to apprise the defendant of the charges against him so that he may have a fair opportunity to prepare a defense, our Supreme Court has stated that following an amendment, relief is warranted only when the variance between the original and the new charges prejudices [a defendant] by, for example, rendering defenses which might have been raised against the original charges ineffective with respect to the substituted charges.

*Id*. at 1223 (citation omitted).

The factors the trial court must consider in determining whether an amendment is prejudicial are:

> (1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of

> the Commonwealth's request for amendment allowed for ample notice and preparation.

*Id*. (citation omitted). Most importantly, we emphasize that "the mere possibility amendment of information may result in a more severe penalty ... is not, of itself, prejudice." ***Commonwealth v. Picchianti****,* 600 A.2d 597, 599 (Pa. Super. 1991) (citations omitted). Moreover, this Court has reaffirmed this principle in the context of DUI offenses. ***See Commonwealth v. Roser***, 914 A.2d 447, 454-55 (Pa. Super. 2006) (concluding defendant was not prejudiced when the Commonwealth amended the information to add a different DUI section, "even though the elements of the offenses differ (*i.e.*, alcohol only versus drugs only or a combination of alcohol and drug(s))[.]").

The trial court addressed the amendment to the criminal information as follows:

> In the instant case, both count I – [DUI], general impairment of alcohol, and the added count III – [DUI] of a controlled substance, general impairment, arose from the same factual situation and involve the same basic elements, except § 3802(a)(1) requires alcohol and § 3802(d)(2) requires drugs or a combination of drugs and alcohol. Both sections require a defendant to "drive, operate, or be in physical control of the movement of a motor vehicle" and for the defendant to be "incapable of safely driving" or have an "impair[ed] ... ability to safely drive[.]" The only difference in the elements is the substance causing the impairment−alcohol or drugs or a combination of the two.
>
> [Tyler] is deemed to be on notice for DUI charges arising out of striking a parked vehicle and the subsequent traffic stop on January 11, 2023. [Tyler] has not alleged any defense or strategy that needed to be changed because of the added count. [Tyler] has not alleged any specific prejudice as a result of the added count. Since the added count "involve[d] the same basic elements

- 8 -

and evolved out of the same factual situation" as Count I in the original information, [Tyler] was not prejudiced and the amendment was proper.

Trial Court Opinion, 12/20/23, at 6-7 (citations and unnecessary capitalization omitted). Tyler himself concedes the amendment does not relate to a "different set of events." Appellant's Brief, at 20.

Based on our review of the record, we discern no abuse of discretion by the trial court in granting the Commonwealth's motion to amend the information. We acknowledge the Commonwealth filed the motion to amend the information just prior to the suppression hearing, which was held immediately prior to the bench trial. However, while Rule 564 allows for a continuance in order to prepare for the new information, no such request was made by Tyler. *See Commonwealth v. Fowler*, 393 A.2d 844, 847 (Pa. Super. 1978) (finding failure to request continuance after information amended supports a conclusion that amendment caused no prejudice). Under these circumstances, we conclude Tyler has not established prejudice as a result of the amendment. Therefore, Tyler is not entitled to relief.

In his final issue, Tyler raises a challenge to the sufficiency of the evidence supporting his conviction for DUI – controlled substance. Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged

is established beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa. Super. 2003). The Commonwealth may meet this burden of proving every element of the crime by utilizing only circumstantial evidence. **See Commonwealth v. Bruce**, 916 A.2d 657, 661 (Pa. Super. 2007).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." **Id**. (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder, unless the evidence presented is utterly incapable of supporting the necessary inferences. **See id**. This Court does not independently assess credibility or otherwise assign weight to evidence on appeal. **See Commonwealth v. Kinney**, 863 A.2d 581, 584 (Pa. Super. 2004).

Tyler was convicted of driving under the influence of a controlled substance under 75 Pa.C.S.A. § 3802(d)(2), which states:

> (d) Controlled substances—An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> * * *
>
> > (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(2).

We find that the totality of the circumstances presented sufficient evidence to establish that Tyler was under the influence of marijuana such that his ability to safely drive a vehicle was impaired. Officer Hilliard testified

- 10 -

that Tyler showed multiple signs of impairment, including bloodshot and glassy eyes, constricted pupils, an accumulation of a white substance on the left corner of his mouth, and a greenish-yellow discoloration in his mouth. *See* N.T., 9/5/23, at 20. Officer Hilliard noted that, based on his training and experience, the white accumulation and the greenish-yellow discoloration were indicative of usage of marijuana or another substance. *See id*. at 26. Further, Officer Hilliard testified that Tyler unsuccessfully performed several standard field sobriety tests. Specifically, during the Romberg balance test, Tyler experienced fluttering eyelids or eyelid tremors and completed the test after 22 seconds rather than the instructed 30 seconds. *See id*. at 21-22. During the walk and turn test, Tyler took multiple steps that were not heel to toe, raised his arms, and had an improper turn. *See id*. at 22. Finally, during the one-leg stand test, Tyler swayed and lost his balance and fell against the police cruiser. *See id*. at 23.

Viewed in the light most favorable to the Commonwealth, we are satisfied that this evidence was sufficient to support Tyler's conviction of subsection 3802(d)(2) beyond a reasonable doubt. *See Bruce*, 916 A.2d at 661. Accordingly, Tyler's final issue is without merit.

As we find none of Tyler's issues merit relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/02/2024